Alexander Del Giorno, J.
On March 6,1969 this court signed an order granting the State’s motion for a preclusion order unless, within 30 days after the service of a copy of the order, a bill of particulars was filed with the Clerk of the Court of Claims and a copy thereof served on the State. No bill was *573 forthcoming and service of the 30-day conditional order of preclusion was effected on April 18,1969.
The present motion, accompanied hy a bill of particulars, seeks an order vacating the order of preclusion. It was served on February 16, 1970, a time within the one-year period allowed for vacatur of an order on the basis of an excusable default as set forth in CPLR 5015 (subd. [a], par. 1). This order was accompanied by an affirmation in which claimants’ counsel alleged circumstances justifying vacatur. The affirmation was later supplemented by an affidavit submitted by claimants’ principal witness in which the circumstances set forth in the affirmation were essentially corroborated. On February 19, 1970 an answering affidavit was submitted in opposition by the State.
The basic excuse furnished by the claimants’ attorney is the fact that at the time of the motion to preclude he was engaged in the preparation of an intricate and large contract claim which actually went to trial before Referee Bliss at the 1969 September Term and which lasted until the month of December, 1969 when it ended by settlement. This fact was confirmed by the Assistant Attorney-General, J. Joseph Murphy, who opposed the present motion, but who also was actually engaged in the same trial. The other excuse was that Mr. Charles Weisman, the president of Weisman Construction Corp., was doing construction work outside the State while the co-venturer was liquidating its assets. Mr. Weisman, in an affidavit filed pursuant to the request of the court, set forth that after the death of the chief executive officer no one remained in the co-venturer’s firm who could act on its hehalf. He, himself, ceased to do business in early 1969 and sought employment outside the State, at which time he contracted a disease which incapacitated him until early 1970. He states that now he has prepared the necessary documentation for a trial and is ready to be heard.
Although the court does not feel that the State has been substantially prejudiced by being denied a bill of particulars until the service of the motion papers herein (to which the bill of particulars was attached), certainly little can be said in praise of the manner in which claimants have thus far prosecuted the case at bar. However, when all the circumstances are taken into account and the applicable nortion of CPLR 5015 (subd. [a]) is construed liberally in accordance with the intent of the draftsmen of the statute, the interests of justice require that the motion be granted, subject to the right of the State to conduct any pretrial proceedings deemed by it to be appropriate for its defense, even though the case has been marked ready for trial. *574 Such reasonable adjournment will be granted to the State as may be necessary.
However, and in order to discourage such course of conduct on the part of any claimant as herein, this motion is granted but the right to interest on any award is hereby suspended from April 18, 1969 to the date of trial of this claim.