Henry W. Lengyel, J.
Claimant moved to vacate a provisional order of preclusion which was granted by the Honorable James H. G-lavin, Jr., now retired; and, which became final 30 days after said order was filed on February 22, 1971. Claimant also requested, in its moving papers, permission to increase the ad damnum clause of its filed claim from $30,000 to $50,000.
The State of New York opposed the motion insofar as it related to the preclusion order. It did not oppose the .request for permission to amend the claim. In fact, in his affidavit in opposition to claimant’s motion, the State’s counsel stated: “The State has no objection to the claimant’s increasing the dollar amount of his claim to $50,000 but objects only to that part of claimant’s motion concerning the preclusion order ”.
The claim was filed on August 31, 1970 as the result of a permanent appropriation of claimant’s land on April 23, 1970. The State demanded a verified bill of particulars on September 25, 1970. On January 26, 1971, the State served a notice of motion to preclude which was returnable on February 9, 1971. The claimant did not appear on the return date and no affidavit in opposition was submitted. The aforesaid 30-day conditional preclusion order was granted and a short form order was entered in the Clerk’s office of the Court of Claims on February 22, 1971. Claimant’s attorney of record, Mr. Vicinanzo, wrote to the State on March 18, 1971 requesting a 30-day extension of the preclusion order but such request was refused by the State. However, the State pointed out to claimant’s counsel that the preclusion order could be modified through a proper application to the Court of Claims and that, should claimant choose to make such an application, the State would not oppose the motion. Unfortunately, nothing further was done in relation *489 to the preclusion order until claimant served a hill of particulars in the latter part of January, 1972. The State refused to accept the hill of particulars and the ensuing motion resulted.
The State was entitled to receive an amplification of the appropriation claim so that it could properly prepare its appraisal for trial purposes. (Vicidomini v. State of New York, 21 A D 2d 837.) Therefore, a demand for a hill of particulars prior to the exchange of appraisals under rule 25a (22B NYCRR 1200.27) of the Rules of the Court of Claims was a proper procedure. (Van Dusen v. State of New York, 28 A D 2d 211.) Similarly, the claimant had procedural tools available to assist it in the preparation of its claim for the constitutionally guaranteed “just compensation” which it should recover. (N. Y. Const., art. I, § 7.) One of the procedural tools available was, of course, a motion either to vacate or prune the demand for the bill of particulars; or, at the very least, an appearance on the return day of the preclusion motion with a request for additional time. We cannot predict what Judge G-lavest might or might not have ruled in any of the above instances. However, we have examined the State’s demand for a bill of particulars. In our opinion, it smacked in part of the form type of demand which has been looked on with disfavor. In fact, we believe the language used by the court in Vicidomini v. State of New York (supra), would have well applied to the instant demand. In that decision it was stated (p. 837) “ We are of the opinion that the demand thus is unreasonably burdensome, far reaching and oppressive in the light of the posture of the claim ”. We cannot understand and do not condone the conduct of an attorney who does not utilize the readily available protective procedural devices; or, who does not comply with the requirements of the practice rules; or, who does not recognize and comply with a judicial order; or, who does not protect his client’s rights. (See Hersh v. Home Ins. Co., 284 App. Div. 428, 429, 430; Becker v. Paragon Supply Co., 285 App. Div. 991; Paris v. Poticha, 1 A D 2d 277, 278; Clements v. Peters, 33 A D 2d 1096, 1097.) However, the merits of each case must be individually considered; the degree of inattention to attorney responsibility together with the prejudice and damage to the client because of lawyer neglect must be assayed; and, the prejudice to the opposing party must be estimated, before the court finally exercises its discretion.
In the instant claim, we are convinced that, because of the scope of highway development on and adjacent to claimant’s property, a difficult appraisal problem was presented to both *490 parties. We noted that claimant’s attorney did not abandon his duty to his client’s cause. He applied for and received four extensions of time in which to file his appraisal report and he filed said report within the time limit of his last extension. This, therefore, was not the situation wherein there was a total disregard of a preclusion order together with an abandonment of activity on the part of the attorney which, in many instances, has caused the courts to refuse to vacate a preclusion order. We also noted that the State applied for and received one extension of time in which to file its appraisal and that, according to our records, its appraisal was filed on April 23, 1971. The State, therefore, apparently will not be unduly prejudiced if we permit claimant to file its bill of particulars at this time.
The overriding factor controlling our final decision is that the claimant is owed money damages because of the appropriation and that such money damages must equate with ‘ ‘ just compensation.” If we deny claimant’s motion, such compensation will not, given the ordinary State trial appraisal, be made. In over eight years on this Bench and hundreds of decisions, we have awarded the State’s trial appraisal on about three to five occasions. (See, also, 1971 Report of N. Y. State Comm, on Eminent Domain, pp. 83 and 84.) We, therefore, cannot agree with the State’s position, set forth in its memorandum of law, that: ‘‘ Either an inquest under Section 19 of the Court of Claims Act or a trial as provided under said Act should be ordered and at that time the claimant will have the opportunity to discredit and rebut the appraisal evidence as provided by the State of New York.
“ Although the claimant should be denied the right to present evidence at the trial on items that were covered by the demand, he may present evidence on any points not so covered and as stated previously, will have the right to cross-examine the State’s witnesses and offer rebuttal testimony to the State’s evidence to value. Therefore, the mandate of the Constitution of the State- of New York to provide just compensation for private property which is appropriated will be fulfilled.” As the State attorney knows, the trial court’s award in an appropriation claim must be within the range of the valuation and damage evidence presented at the trial. (Baker v. State of New York, 36 A D 2d 881; Avon Park v. State of New York, 33 A D 2d 828, 829, app. dsmd. 26 N Y 2d 839; and Contento v. State of New York, 30 A D 2d 907, 908.) When we examine the scope of the preclusion order, it becomes crystal clear that claimant would not be able to establish such a range; and, therefore, that *491 the trial court would either have to completely accept the State’s damage figures; or, if cross-examination and/or rebuttal devastated the State’s appraisal position, declare a mistrial and permit both parties to refile appraisals and retry the whole claim, a totally wasteful procedure.
The trial of this claim will, of course, be delayed because of claimant’s counsel’s neglect and through no fault of the State. Therefore, we suspend interest on this claim from January 17, 1972 (the date that claimant’s appraisal was filed) to the date of trial of this claim. (See Green Val. Landscape & Constr. Co. v. State of New York, 62 Misc 2d 572.) For some inexplicable reason a rather insouciant attitude to attorney responsibility, court rules, and statutory requirements has been on the increase during recent years. We, in the Court of Claims, have suspended interest on literally dozens and dozens of appropriation claims in an effort to eliminate this problem but, in my opinion, with a remarkable lack of success. Possibly the reason for the continued casual approach to practice in appropriation claims is that, in the normal situation, we are penalizing the wrong person when we suspend interest. Obviously, such a suspension strikes directly at the claimant’s monetary situation with only a limited side effect on the attorney’s fee. Therefore, in order to point up our aversion to claimant’s counsel’s lack of attention to his responsibilities; and, in an effort to discourage such neglectful conduct in the future, we condition our decision to reopen claimant’s default and to vacate said preclusion order upon the payment by claimant’s counsel of record personally the sum of $100 to the defendant’s chief fiscal officer, the Comptroller of the State of New York. Such payment shall be made within 10 days after entry of the order hereon. (See Maglieri v. Saks, 33 A D 2d 898; Breazeal v. Rent-A-Car Club of Amer., 32 A D 2d 653 and Boyle v. Krebs and Shulz Motors, 18 A D 2d 1010. McKinney’s Cons. Laws of N. Y., Book 7B, Cum. Pocket Part, CPLR 3042, Supplementary Practice Commentary, Siegel, pp. 269, 270 [1970].) We do not consider that section 27 of the Court of Claims Act, an archaic statutory enactment which, in our opinion, should be repealed by the Legislature, applies to the conditional exercise of our discretion in matters of this type.
If such payment is not made as ordered, we deny claimant’s motion to vacate the preclusion order herein; and, we direct that the claim herein be set down for trial at the next trial term for the Utica district.
*492 If payment is made as directed, in the interest of fulfilling the constitutional mandate for “ just compensation”, we, in the exercise of our discretion, open claimant’s default and vacate the preclusion order of February 22, 1971. Claimant is, in that event, to serve its hill of particulars within 10 days from the date of entry of the short form order, which will be filed contemporaneously with this opinion. The State shall have 30 days after receipt of said bill of particulars in which to file an amended appraisal, if it deems same necessary.
We also grant claimant’s motion to amend its claim by increasing its ad damnum, clause from $30,000 to $50,000. Claimant shall file the required number of amended claims with the Clerk’s office of the Court of Claims (see Rules of Ct. of Claims, rule 16; 22B NYCRR 1200.17) and serve a copy of said amended claim on the Attorney-Ceneral’s office within 20 days from the date of entry of the aforesaid short form order.