CASPER J. BECKER et al., Appellants, v. PARAGON SUPPLY CO. INC. et al., Respondents. (Action No. 1.) BENJAMIN F. SELMSER, Plaintiff, v. MARGARET M. BECKER, Defendant. (Action No. 2.) PARAGON SUPPLY CO. INC., Plaintiff, v. MARGARET M. BECKER, Defendant. (Action No. 3.) MURRAY HOFFMAN, Plaintiff, v. PARAGON SUPPLY CO. INC. et al., Defendants. (Action No. 4.) — Appeals from orders of the Supreme Court, Tompkins County Special Term, which denied a motion by plaintiffs in Action No. 1 to compel defendants to accept a bill of particulars, and also denied a motion for an order modifying an order of preclusion theretofore granted in the same action, by extending to plaintiffs an additional ten days in which to serve a bill of particulars. These applications serve to focus attention upon a practice that has become widespread, i.e., that of neglecting a demand for a bill of particulars until a motion for a preclusion order is made. The rule, substituting a demand for a motion that was theretofore necessary, was designed to aid the bar and litigants in a speedier disposition of lawsuits, but the actual practice, in many instances, has resulted in a perversion of the purpose of the rule. We emphatically condemn this kind of practice, and would be constrained to affirm the orders appealed from except for the fact that they jeopardize the claims of plaintiffs in Action No. 1, and also because the Special Term permitted late service of a bill of particulars in Action No. 4 and gave plaintiff in that action additional time to amend his bill. Orders reversed in the interest of justice and as a matter of discretion, without costs, and upon the following terms and conditions: Motion to modify the order of preclusion granted upon condition that plaintiffs serve within ten days after the entry of an order herein their proposed bill of particulars and pay to the respondents the sum of $50 costs. Motions in all other respects denied. In the event plaintiffs fail to comply with the foregoing terms and conditions the orders appealed from are affirmed, with $10 costs to respondents. Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ., concur.