CLEMENT PARIS, Respondent, v. JACOB POTICHA et al., Appellants.

Third Department, March 21, 1956.

*John W. Tabner* for appellants.

*Jack Goodman* and *Franklin P. Gavin* for respondent.

ZELLER, J. Plaintiff sustained injuries as a result of a fall on January 4, 1953, on premises owned by defendants. This action based on allegations of negligence was commenced by the service of copies of the summons on July 22, 1953. Notice of retainer and demand for a copy of the complaint was served by defendants' attorneys one week later. The complaint was not served until February 24, 1954. On March 17, 1954, defendants' answer was served together with a demand for a bill of particulars. No bill having been received, defendants' attorneys served a notice of motion on April 21, 1954, requesting an order of preclusion. Upon the return of the motion, plaintiff's attorney appeared and consented to an order of preclusion unless

within twenty days after service of a copy of the order plaintiff furnish a bill of particulars pursuant to the demand. An order to that effect was entered on May 20, 1954, and a copy thereof served the same day at the office of the plaintiff's attorney. However, no bill of particulars was furnished within the twenty-day period. Nine months later, plaintiff sought to be relieved of the order of preclusion, his attorney claiming that due to some oversight in his office the conditional preclusion order had not been brought to his attention when it was received. Plaintiff's motion for such relief was granted and the order of preclusion vacated upon condition that plaintiff serve his bill of particulars within five days thereafter. Defendants have appealed.

Prior to 1936, a bill of particulars could only be secured by moving therefor. In 1936, rule 115 of the Rules of Civil Practice was adopted which permits a demand for a bill of particulars to be served and, unless the party unwilling to serve the bill moves to vacate or modify the demand, requires the bill to be served within ten days. This rule was designed to procure a speedier disposition of lawsuits for litigants and to relieve the Bench and Bar of some motion work. The habit of some members of the Bar of ignoring demands for bills of particulars made pursuant to this rule has been disapproved in judicial comment. In *Hersh* v. *Home Ins. Co.* (284 App. Div. 428, 429–430) the First Department stated: "We are aware that some lawyers regard a demand for a bill of particulars as an overture that can be disregarded, rather than a legal process which may be flouted only at peril to a client's cause. These lawyers will pay no heed to a demand for a bill of particulars until a motion to preclude has been made. Without dwelling on the aspects of rudeness involved in this procedure, such behavior casts unnecessary burdens on already overburdened courts and lawyers." In *Becker* v. *Paragon Supply Co.* (285 App. Div. 991) with reference to ignoring a demand for a bill of particulars this court wrote: " We emphatically condemn this kind of practice ".

In the present case, plaintiff's attorney did not comply with the demand for a bill of particulars nor did he seek to have it modified or vacated. Apparently, he ignored it. When the motion was made to preclude, no affidavit was filed stating why the bill of particulars had not been furnished. However, Special Term in the exercise of its discretion nevertheless determined that the preclusion order would become effective only if the bill of particulars was not served within twenty days after service of a copy of the order. As has been noted above, after a copy of the conditional preclusion order was served, plaintiff's

attorney failed to comply with it through a claimed oversight and an additional nine months were allowed to pass. Under these circumstances, we do not believe that plaintiff should have been granted any relief. (*Schmitt* v. *Pietrangelo,* 285 App. Div. 1058.)

The learned Justice at Special Term properly critized the practice followed by plaintiff's attorney in this case but expressed his reluctance to deprive a litigant of an opportunity to present to the court the vital elements of his cause of action. However, for the sake of a more expeditious disposition of cases generally there must come a point beyond which failure to serve a bill of particulars should not be excused regardless of the consequences. We believe that point was passed in this case.

The order should be reversed, without costs and the motion denied.

BERGAN, J. (dissenting). Even if we might think the failure to serve the bill of particulars was quite unwarranted and we be firmly of opinion that it was inexcusable, the discretionary decision at Special Term to excuse the delay and relieve plaintiff from the order of preclusion ought to be affirmed. An Appellate Division has a responsibility to lay down the general procedural policies of the department; but it cannot effectively, or even usefully, manage the details of practice coming before the Special Term, and especially it cannot exercise a detailed discretion in those matters. We have not in the past laid down a strict policy on preclusion orders, which the Bar takes in many instances according to its convenience; and until we announce such a policy we ought to allow the Special Term to use its own sound discretion about when a failure to comply may be relieved. I would affirm the order.

FOSTER, P. J., COON and HALPERN, JJ., concur with ZELLER, J.; BERGAN, J., dissents, in a memorandum.

Order reversed, without costs, and motion denied.