### (March 9, 1970)

■ JEAN SMITH et al., Respondents, v. ANN SURIN, Appellant.— MEMORANDUM BY THE COURT. Appeal from an order of the County Court of Schenectady County, entered March 17, 1969, which granted plaintiffs' application to be relieved from the effect of a preclusion order and permitted service of a late bill of particulars. In this negligence action commenced in 1967, based on an automobile accident occurring in 1964, appellant's demand for a bill of particulars was not complied with. When appellant moved for an order of preclusion, respondents failed to appear in opposition and filed no opposing affidavits. Appellant contends that she caused a copy of the preclusion order to be served upon respondents' attorney by mail on December 8, 1967, and submits an affidavit of service in support of this statement. A bill of particulars was served 11 months after the entry of the preclusion order. Respondents' attorney attempts to excuse this delay on the basis that " to the best of his knowledge he never received the order of preclusion ". While noting that the " plaintiffs' attorney has not prosecuted this action with diligence ", the County Court, nevertheless, excused the delay on the basis that " The plaintiffs herein should not be prejudiced by any act of inadvertence, if any, upon the part of their attorney ". We cannot condone the attitude of respondents' attorney who offers no reasonable excuse for his conduct of this case. Although the accident occurred in 1964, he delayed commencing the action for three years. He further delayed 20 months before complying with the demand for a bill of particulars. In the meantime he completely ignored the motion for a preclusion order, neither appearing in opposition nor bothering to reply to it. We cite with approval the statement of Mr. Justice ZELLER in *Paris* v. *Poticha* (1 A D 2d 277, 279) when, speaking for this court, he said: " for the sake of a more expeditious disposition of cases generally there must come a point beyond which failure to serve a bill of particulars should not be excused regardless of the consequences. We believe that point was passed in this case." Order reversed, on the law and the facts, with costs, and motion denied. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by the court.