■ JAMES LOOMIS, Respondent, v. PAUL P. SEBASTA, Appellant.— Appeal from orders of the Supreme Court at Special Term, entered on October 2, 1972

and October 16, 1972 in Schenectady County, which denied the motions of defendant to dismiss the complaint. Plaintiff commenced this action for damages sustained in an automobile accident on May 14, 1970. Issue was joined and a demand for a bill of particulars was made. Defendant moved for a preclusion order on August 21, 1970, plaintiff's attorney did not appear, and a conditional 30-day order was entered on September 23, 1970 and served on plaintiff's attorney on September 30, 1970. No bill of particulars was ever served until October 2, 1972 after defendant had moved to dismiss the action. Upon hearing the motion the trial court in effect vacated the earlier order of preclusion and granted a further extension of time to plaintiff to serve the bill of particulars after which time and service, an order was entered denying the motion to dismiss. The excuse offered by the attorney of plaintiff for the failure to serve the bill of particulars for two years was that on or about July 21, 1970 the case was referred to another law firm which agreed to represent plaintiff. The forwarding attorney was led to believe that the bill had been served, although there is no indication that he requested a copy of it, or other papers pertaining to the file. There is no explanation offered by the law firm to whom the case was referred. There was gross inattention to this case most likely caused by the divided but loose arrangement between attorneys. Without a substitution of attorneys, it is the attorney of record who must answer for the law office failures of others as well as his own. As attorney of record, the ultimate responsibility to the plaintiff was his, and required a greater diligence than has been demonstrated. Law office failures, occasioned by breakdowns of communication between attorneys in the same firm, misplaced files or general inattention to business have been held insufficient to excuse failure to supply particulars after the running of a conditional order of preclusion (*McIntire Assoc.* v. *Glens Falls Ins. Co.*, 41 A D 2d 692; *Smith* v. *Surin*, 34 A D 2d 588, app. dsmd. 27 N Y 2d 536; *Paris* v. *Poticha*, 1 A D 2d 277). The excuse offered in this case therefore is insufficient to explain a delay of over two years in serving (and only after defendant moved to dismiss) what was obviously an ordinary bill of particulars. Orders reversed, on the law and the facts, and complaint dismissed, with costs. Staley, Jr., J. P., Cooke, Sweeney, Kane and Main, JJ., concur.