■ GENERAL ELECTRIC, Respondent, v BIAGIO RIINA, Appellant, et al., Defendant.—Order, Supreme Court, New York County, entered March 30, 1976, which granted plaintiff's motion for a protective order vacating a further set of interrogatories served by defendant, unanimously affirmed, without costs and disbursements and without prejudice to a motion to compel answer to the original interrogatories to be made within 20 days after date of the order to be entered hereon. In this action for goods sold and delivered, defendant served interrogatories on the plaintiff on November 14, 1974 to which plaintiff responded on March 31, 1975. Defendant did not take any further steps with respect to the answers or urge that they were inadequate until some six months later, when in response to a motion by plaintiff for summary judgment, defendant cross-moved to dismiss the complaint on the ground that the answers to the interrogatories were inadequate. Special Term in an order dated January 29, 1976, denied the cross motion with the observation that such application "made six months after service of the responses, is barred by laches." Subsequently in February, 1976, defendant served a further set of interrogatories on plaintiff. The latter moved for a protective order vacating these interrogatories on the ground that they were previously served and answered, which motion was granted. Clearly, defendant in the cross motion to dismiss the complaint for failure to disclose could have sought alternate and less drastic relief, to wit, the compelling of answers to the interrogatories. Instead of seeking reargument or renewal of the cross motion or availing itself of appellate review, defendant resorted to the device of serving further and virtually identical interrogatories in an attempt to avoid the prior entry of Special Term denying the cross motion. This was an abusive tactic and is not countenanced. However, it *appears* that the original interrogatories which were not answered seek relevant and particular information with respect to the issues necessary to the defendant in this litigation. In light of the liberal disclosure requirements of the CPLR, the client should not be penalized for this technical error in procedure on the part of defense counsel. Concur—Kupferman, J. P., Murphy, Lupiano, Lane and Nunez, JJ.