■ KOLNER, INC., Appellant, v JOHN A. DZIADUL et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered June 17, 1976 in Schenectady County, which granted defendants' motion to vacate a preclusion order in respect to their counterclaim and permitted defendants to submit a verified bill of particulars. While we most certainly do not condone the all too frequent practice of ignoring demands for bills of particulars and the terms of preclusion orders (Ciccarelli v Welcome, 50 AD2d 1046; Smith v Surin, 34 AD2d 588; Lynch v Siam's Pony Farm, 32 AD2d 867; Paris v Poticha, 1 AD2d 277), under the circumstances here presented, Special Term properly granted relief to the defendants. In the case at hand there was no law office failure or other insufficient excuse. Rather, there was a showing of apparently unforeseeable developments which prevented the defendants' attorney from submitting the demanded information that he had agreed to submit when consenting to the preclusion order. While the defendants' attorney should have moved immediately to modify or vacate the conditional order of preclusion (cf. King v McCormick, 19 AD2d 874; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3042.03), or stated their lack of knowledge under oath and moved for leave to file an amended bill of particulars when the information became available (Matter of May, 17 AD2d 729; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3041.20), the delay here was not unreasonable or outrageous nor was there protracted inactivity. It may be truly stated that defendants have presented in factual detail an excuse proportionate to the neglect (Clements v Peters, 33 AD2d 1096). Moreover, defendants have, by affidavit, established a viable counterclaim and that the granting of the relief sought will not prejudice the plaintiff. Hence, there was an adequate basis for the exercise of discretion and the decision of Special Term should be affirmed. Order affirmed, without costs. Greenblott, J. P., Sweeney, Main, Larkin and Herlihy, JJ., concur.