KIMBERLY L. SCHOLEFIELD, Respondent, v MICHAEL F. DE CORDIER, Defendant, and NEW YORK INFIRMARY, Appellant.

Third Department, November 1, 1979

### APPEARANCES OF COUNSEL

*Goldstein & Goldstein (Richard A. Stoloff* of counsel), for appellant.

*Wiess, Ingber & Lagarenne (Lawrence E. Lagarenne* of counsel), for respondent.

### OPINION OF THE COURT

KANE, J.

In this malpractice action against a physician and the hospital in which he performed surgery on the plaintiff, the hospital appeals from the denial of its motion for summary judgment based on plaintiff's failure to supply a bill of particulars. The bill was demanded on March 31, 1978 and, in the

absence of any response, a 30-day conditional order of preclusion was entered by consent on May 12, 1978. It, too, was disregarded until shortly before the instant motion was returnable on January 12, 1979, when plaintiff belatedly furnished a partial bill of particulars as part of her opposition thereto. The excuse offered by her attorneys was that plaintiff had undergone corrective surgery in May of 1978 and that the report of her new physician, allegedly needed to complete the bill, had not yet been rendered because her treatment was continuing.

It is our opinion that Special Term abused its discretion in refusing to grant summary judgment in favor of the defendant hospital. The specifics of plaintiff's neglect are all too familiar. No motion to vacate or modify the notice demanding the bill was made in accordance with the statute (CPLR 3042, subd [a]); no timely effort was made to furnish such particulars as were then available; no objections were raised when defendant moved to preclude; no steps were taken when it became apparent that the terms of the conditional order would not be fulfilled; no formal cross motion was made to vacate that order after it became final despite letters from defendant's attorneys insisting on compliance; and, most importantly, the incomplete bill of particulars actually served was nine months overdue and seven months beyond the time fixed therefor by a court order. Over 23 years ago we announced that such practices would not be tolerated *(Paris v Poticha,* 1 AD2d 277) and we have consistently followed that approach ever since (see, e.g., *Ciccarelli v Welcome,* 50 AD2d 1046, affd 40 NY2d 954; *Smith v Surin,* 34 AD2d 588; *Lehmann v Johnson, Drake & Piper of Vietnam,* 19 AD2d 913; cf. *Kolner, Inc. v Dziadul,* 55 AD2d 716). In fact, the only appreciable difference between the circumstances of this matter and those presented in *Paris (supra)* involves the character of the excuse offered by plaintiff's attorneys. However, conclusory and self-serving allegations of counsel are plainly insufficient to justify such inordinate delay. We note that there is no affidavit from plaintiff's physician detailing a need for additional time. The affidavit of her attorneys suggests no reason to believe that this physician was ever associated with the defendant hospital or that there is some connection between her last surgical procedure and the acts of negligence assigned to it. The nature of the information supposedly possessed by this expert is purely conjectural and, therefore, the excuse offered stands revealed

for what it is—flimsy. There is no mystery about the legal consequences attending a failure to comply with an order of preclusion, nor should there be any uncertainty that, unless the excuse for such neglect is proportionate to the delay, those consequences will be rigorously enforced.

The order should be reversed, on the law and the facts, the motion granted, and the complaint as against defendant New York Infirmary dismissed, with costs.

SWEENEY, J. P., STALEY, JR., MIKOLL and HERLIHY, JJ., concur.

Order reversed, on the law and the facts, motion granted, and complaint as against defendant New York Infirmary dismissed, with costs.