■ EUNICE F. SHUMALSKI et al., Respondents, v GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant. — Appeal from an order of the Supreme Court at Special Term, entered July 2, 1980 in Ulster County, which granted plaintiffs leave to serve a supplemental bill of particulars and denied defendant's motion for summary judgment. This is an action to recover money damages against defendant Government Employees Insurance Company (GEICO) on an alleged "bad faith" claim. Liability is predicated on an action previously brought by plaintiffs against defendant's insured wherein it is claimed that defendant, acting in bad faith, refused to settle the suit within the policy limits, resulting in a verdict in excess thereof. Defendant's insured assigned her rights to plaintiffs. On January 12, 1979, issue was joined and a bill of particulars demanded. On March 20, 1979, defendant moved to preclude as to the particulars which were not furnished and for an order disqualifying plaintiffs' counsel since he would be a major witness. On March 22, 1979, a note of issue and statement of readiness were served on defendant, together with a bill of particulars. On March 28, 1979, defendant moved to strike the note of issue and statement of readiness and pointed out that the bill of particulars was not responsive to the demand. On April 19, 1979, plaintiffs cross-moved for an order compelling an examination of a representative of defendant and also opposed the relief sought in defendant's motions of March 20, 1979 and March 28, 1979. Special Term denied plaintiffs' motion for an examination before trial, granted defendant's motion to strike the note of issue and statement of readiness, granted defendant's motion to disqualify plaintiffs' attorney and granted defendant's motion for an order of preclusion unless plaintiffs served a further bill of particulars with respect to certain information demanded. The order, served July 23, 1979, granted plaintiffs 30 days to file a supplemental bill of particulars and 30 days to obtain other counsel. A supplemental bill of particulars was prepared by plaintiffs' original attorney and signed by one of the plaintiffs on August 1, 1979. It was not served on defendant but rather given to plaintiffs along with the file in the case. Consent to change attorneys was signed on November 16, 1979 but not filed in the county clerk's office until

February 11, 1980. When no supplemental bill of particulars was served, defendant moved on April 25, 1980 for summary judgment on the ground that no triable issues of fact remained. Special Term denied the motion for summary judgment and granted plaintiffs leave to file a supplemental bill of particulars. This appeal ensued. Defendant argues that the court abused its discretion due to the fact that plaintiffs offered no reasonable excuse for the delay in failing to comply with the conditional preclusion order. Plaintiffs respond by asserting that there was considerable difficulty in obtaining a new attorney. There was a lapse of six months from the changing of attorneys to the time plaintiff offered the bill of particulars in defending the motion for summary judgment. There was no valid excuse offered for such inordinate delay and plaintiffs had the burden of establishing such an excuse. At most, there was some law office confusion which courts have consistently held is not a valid excuse. Consequently, we are of the view that the excuse was not proportionate to the delay and that the granting of leave to file a supplemental bill was an abuse of discretion *(Scholefield v De Cordier,* 70 AD2d 351; *Barton v La Pointe,* 67 AD2d 760; *Loomis v Sebasta,* 43 AD2d 877). In view of this determination, we must now consider the propriety of Special Term's denial of defendant's motion for summary judgment. To succeed in this action, plaintiff must prove defendant's "bad faith" and not mere negligence in refusing to settle the lawsuit *(Best Bldg. Co. v Employers' Liability Assur. Corp.,* 247 NY 451). Special Term previously determined that plaintiffs, in the original bill of particulars, failed to sufficiently particularize Item No. 1 of the demand for a bill of particulars, which requested the following: "1. Set forth (a) each and every culpable and/or wrongful act or omission on the part of Defendant, claimed by plaintiffs to give rise to the cause of action alleged in the plaintiffs' Complaint, designating same with as much detail as possible, together with the (b) place, (c) date, and (d) time of day of such act or omission. Also set forth (e) who or whom on the part of defendant committed such act or omission." While plaintiffs are not precluded from interposing evidence under the remaining items of the demand, they are precluded from offering any proof as to the culpability or wrongful acts of the defendant under Item No. 1 of the demand. This being so, plaintiffs will not be able to prove their cause of action. Consequently, Special Term improperly denied defendant's motion. There must be a reversal and summary judgment granted defendant. Order reversed, on the law and the facts, without costs, and defendant's motion for summary judgment granted. Mahoney, P.J., Sweeney, Kane, Mikoll and Weiss, JJ., concur.