■ JESUS MELENDEZ, an Infant, by MANUEL MELENDEZ, et al., His Parents, Respondents, v THERESA L. LAYTON, as Administratrix of the Estate of ROBERT LAYTON, Deceased, Defendant, and IDA EISMAN et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Prior, Jr., J.), entered September 19, 1980 in Sullivan County, which denied the motion for summary judgment made by defendants Eisman and Zorne and granted plaintiffs' cross motion to discontinue the action. With no bill of particulars having been served for some seven months after the entry of a 30-day order of preclusion, defendants Eisman and Zorne moved for summary judgment on the ground that preclusion of the items sought in the demand for a bill of particulars left plaintiffs unable to prove a prima facie case. Plaintiffs cross-moved for an order discontinuing the action on the ground that a similar action was pending in Federal District Court, commenced after plaintiffs had moved to Puerto Rico, and that plaintiffs' failure to comply with the preclusion order was excusable. Special Term denied defendants' motion and granted plaintiffs' cross motion. There must be a reversal. "There is no mystery about the legal consequences attending a failure to comply with an order of preclusion, nor should there be any uncertainty that, unless the excuse for such neglect is proportionate to the delay, those consequences will be rigorously enforced" *(Scholefield v De Cordier,* 70 AD2d 351, 353). The consequences of a preclusion order cannot be avoided by discontinuing the action *(Dent v Baxter,* 37 AD2d 908). The excuse offered for failing to serve a bill of particulars — that plaintiffs had moved to Puerto Rico and were planning to commence an action in Federal court — may be roughly categorized as a law office failure, which is patently insufficient (see *Barasch v Micucci,* 49 NY2d 594, 599). Plaintiffs' counsel alleges that shortly after the preclusion order was entered he informed defense counsel of plaintiffs' plans and told him that no bill of particulars would be forthcoming. There is, however, no allegation that plaintiffs' counsel was misled or that defendants' rights under the preclusion order were waived. Moreover, the papers submitted by plaintiffs do not contain an affidavit of merits. Order reversed, on the law and the facts, with costs, motion granted and cross motion denied. Sweeney, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.