## (October 6, 1981)

■ ELIZABETH NEUFELD, Respondent, v NORMAN ROOME, Appellant. — Order, Supreme Court, New York County (Sutton, J.), entered on August 8, 1980, affirmed. Respondent shall recover of appellant $75 costs and disbursements of this appeal. Concur — Markewich, J.P., Lupiano, Bloom and Fein, JJ.

Silverman, J., dissents in part in a memorandum as follows: I would reverse the order appealed from, at least to the extent of denying plaintiff's motion to vacate the order of preclusion. In my view the grant of that motion was an abuse of discretion. In this medical malpractice action, defendant demanded a bill of particulars on November 29, 1977. As of the date of the order appealed from (Aug. 5, 1980), no bill of particulars had yet been furnished. On April 28, 1978 an order was entered on consent granting a motion to preclude unless a bill of particulars and authorization for medical and hospital records were furnished within 30 days. This order was not complied with and a final order of preclusion was entered on November 2, 1978. Five days later plaintiff changed attorneys. But not until March of 1979 did the new attorney move to vacate the final order of preclusion. On April 11, 1979 Special Term denied the motion to

vacate without prejudice to renewal upon proper papers — to include an affidavit of merit, a showing of the excuse for the delay, and an affidavit by a physician describing plaintiff's present physical condition and offering an opinion as to causal relation. (At about the same time Special Term denied defendant's cross motion for summary judgment with leave to renew should plaintiff fail to take action within 45 days.) Again plaintiff did nothing for over a year; and on May 28, 1980 plaintiff renewed the application to vacate the order of preclusion claiming that the delay in furnishing the bill of particulars was due to her first attorney's neglect and misconduct. But on the question of causal relation between plaintiff's present condition and indeed the whole question of malpractice the only expert opinion offered was a bland statement by a physician that he had examined the hospital records relating to the plaintiff and in his opinion "the medical care rendered to Elizabeth Neufeld while a patient at Lenox Hill Hospital under the care of Dr. Norman Roome was below acceptable medical standards and was a competent producing cause of the plaintiff's injuries and the sequelae thereof." This statement is wholly unsupported by any reference to what the malpractice consisted of, in what respect the medical care was below acceptable medical standards, and how and why it was a cause of plaintiff's injuries. Plaintiff might just as well have said, "There was medical malpractice." (See *Pike v Honsinger,* 155 NY 201.) Such an unsupported conclusory statement is a brazen evasion of the requirement of an affidavit of merit.