■ RICHARD JONES, Respondent, v WHITE METAL ROLLING & STAMPING CORPORATION et al., Appellants, et al., Defendant. — Appeal from an order of the Supreme Court at Special Term (Amyot, J.), entered August 28, 1980 in Schenectady County, which conditionally granted defendants' motion for summary judgment. This is an action to recover damages for personal injuries. A ladder manufactured by White Metal Rolling & Stamping Corporation (White Metal) and purchased by the First Baptist Church of Schenectady (church) from Sears, Roebuck & Co. (Sears) collapsed while being used by plaintiff in painting the church. On June 11, 1979, Special Term granted a 30-day order precluding plaintiff from offering evidence on items of this claim because he had failed to answer written interrogatories concerning them. On July 5, 1979, plaintiff served purported answers to these interrogatories which defendants White Metal and Sears rejected, as insufficient in regard to 35 of the interrogatories, and returned by mail. Over a year later, on July 28, 1980, these defendants moved for summary judgment or dismissal of the complaint, based on plaintiff's failure to comply with the preclusion order. Special Term granted the motion unless plaintiff served responses to 31 of the interrogatories within 10 days after service of the order. It is from this order that defendants White Metal and Sears have appealed. This court has held that it will not condone failure to comply with preclusion orders particularly where law office failures or confusion are found to exist. It has further held it to be an abuse of discretion to grant relief and/or deny summary judgment where such excuses are offered (*Melendez v Layton,* 83 AD2d 655; *Shumalski v Government Employees Ins. Co.,* 80 AD2d 975, affd 54 NY2d 671). Explanations and excuses for inordinate delay offered in conclusory and self-serving allegations of counsel have been held to be plainly insufficient (*Scholefield v De Cordier,* 70 AD2d 351). The circumstances here, however, are distinguishable. Before the expiration of the time for service in the preclusion order, plaintiff did serve responses to the interrogatories. Defendants, after rejecting them on July 6, 1979, conducted an examination before trial of plaintiff on July 9, 1979. On March 3, 1980, defendants withdrew a second preclusion motion. On March 19, 1980, shortly after he was retained, plaintiff's trial counsel sought inspection of the stepladder involved in the accident, and moved to compel discovery on April 3, 1980. This motion was withdrawn and on June 3, 1980, he obtained the ladder for expert analysis. Then, on July 28, 1980, defendants moved for summary judgment, resulting in the conditional order of dismissal on appeal here. Plaintiff served supplemental responses to the interrogatories on August 28, 1980, within the time provided. On September 8, 1980, still within the 10-day period, plaintiff served second supplemental responses after receipt of the expert's report. Again, defendants rejected and returned the responses as unsatisfactory and insufficient. In appears that plaintiff successfully moved by order to show cause on September 30, 1980, to compel defendants to accept the responses. An order was granted by Special Term on October 20, 1980, directing acceptance of the supplemental responses as timely served, without prejudice to defendants' rights to move against the answers or to pursue this appeal. Here, the responses were timely served. Ultimate determination of compliance is the province of the court. Rather than rejecting plaintiff's

answers, defendants should have moved to compel satisfactory answers (see *General Elec. v Riina,* 54 AD2d 642; 3A Weinstein-Korn-Miller, NY Civ Prac, par 3133.01 [Dec., 1980 Supp.], p 141). The time granted in the conditional order on appeal is discretionary, and generally, absent clear abuse, it should not be disturbed (cf. *Blasch v Chrysler Motors Corp.,* 84 AD2d 894; *Hurlbut v Whalen,* 58 AD2d 311, 315-316, mot for lv to app den 43 NY2d 643). We believe that the factual circumstances involved here distinguish this case (see *Batista v St. Luke's Hosp.,* 46 AD2d 806; see, also, *Grace v Grace,* 74 AD2d 896). Order affirmed, without costs. Mahoney, P. J., Kane, Main, Mikoll and Weiss, JJ., concur.