■ HELEN LIBERSKI, Individually and as Executrix of WILLIAM L. LIBERSKI, Deceased, Appellant, v ZIMMER USA, INC., Respondent, et al., Defendants. — Appeal from an order of the Supreme Court at Special Term (Ford, J.), entered September 21, 1981 in Schenectady County, which granted defendant Zimmer

USA, Inc.'s motion for summary judgment. In this action to recover damages for personal injuries arising out of the implantation of an allegedly defective hip prosthesis, defendant Zimmer USA, Inc. (Zimmer), after being furnished with an unverified and insufficient bill of particulars, moved for and, without opposition, was granted a 60-day conditional order of preclusion. Before the order was signed, plaintiffs were asked to make known to counsel and the court any objection they had to the proposed order; none was made. When approximately eight months had passed and the further bill of particulars plaintiffs had been directed to supply was not forthcoming, defendant sought and obtained summary judgment based upon the preclusion order (cf. *Shumalski v Government Employees Ins. Co.,* 54 NY2d 671). The excuse offered for plaintiffs' delay, namely that it was understood adherence to the terms of the preclusion order was to be conditioned on the parties exchanging their respective experts' reports, but Zimmer failed to perform, is belied by the record. Plaintiffs had an opportunity to review and comment on the proposed order before it was signed. If they understood that submission of the further bill of particulars was conditioned upon receipt of defendant's expert's report, the order should have so reflected. Furthermore, the correspondence between the attorneys does not indicate that counsel understood the proposed exchange to be related to the preclusion order. The delay here was actuated by law office failure which cannot be invoked to avoid the consequences of a preclusion order (*Melendez v Layton,* 83 AD2d 655). That there is no prejudice to defendant is irrelevant (see *Barasch v Micucci,* 49 NY2d 594, 600). Order affirmed, without costs. Mahoney, P. J., Sweeney, Main, Casey and Yesawich, Jr., JJ., concur.