■ CLARENCE O'NEAL, Individually and as Administrator of the Estate of JOAN O'NEAL, Deceased, Appellant, v DAVID PANKIN et al., Respondents, et al., Defendants. — Appeal from an order of the Supreme Court at Special Term (Williams, J.), entered July 22, 1981 in Albany County, which granted the motion of defendants Pankin and Balsam and Pankin & Balsam, P. C., for summary judgment. The complaint in the underlying action to recover for personal injuries and wrongful death named as defendants Child's Hospital and several physicians including defendants Pankin and Balsam. When plaintiff failed to respond to the latters' demand for a bill of particulars, a 20-day conditional order of preclusion was secured. Within the 20-day period, plaintiff furnished defendants with a copy of a bill of particulars he had provided the codefendant, Child's Hospital. In a letter acknowledging receipt of that bill of particulars, defendants advised that they were awaiting receipt of one which was responsive to their own demand. After six months passed without reply, defendants sought and obtained summary judgment upon the ground that plaintiff was now precluded from proving a prima facie case. In an effort to absolve the delay, plaintiff's counsel unconvincingly urges that the bill of particulars served on the codefendant hospital was intended to satisfy defendants' demand; that bill was neither addressed to defendants nor did it conform to the requests contained in their demand for particulars. Moreover, by making available to defendants a copy of the bill served on Child's Hospital, plaintiff was doing no more than fulfilling the mandate of CPLR 2103 (subd [e]) that a copy of each paper served on any party in an action be served on every other party. The excuse offered for noncompliance with the preclusion order, being directly and wholly attributable to what is essentially "law office failure", is simply insufficient to withstand summary judgment (*Liberski v Zimmer USA,* 88 AD2d 1072; *Melendez v Layton,* 83 AD2d 655). That defendants may not have been prejudiced is immaterial (see *Eaton v Equitable Life Assur. Soc. of U. S.,* 56 NY2d 900; *Barasch v Micucci,* 49 NY2d 594). We also note that plaintiff has neglected to submit an affidavit of merit (see *Jones v Bryce,* 76 AD2d 966). The argument that summary judgment is inappropriate because plaintiff can establish a prima facie claim based on *res ipsa loquitur* was not advanced earlier and hence need not be addressed now (*Board of Trustees of Vil. of Lansing v Pyramid Cos.,* 51 AD2d 414, 416). Were we to consider it, we would reject it. Item No. 23 of defendants' unanswered demand for a bill of particulars specifically requested plaintiff to specify whether he would rely, at the time of trial, on the *res ipsa loquitur* doctrine; the preclusion order thus clearly encompasses an action based upon that theory. Order affirmed, without costs. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.