■ WILLIAM ST. LOUIS, JR., as Administrator of the Estate of MARY ST. LOUIS, Deceased, Respondent, v JANEY C. WILLEY, Appellant. — Appeal from an order of the Supreme Court at Special Term (Pennock, J.), entered December 16, 1981 in Albany County, which denied defendant's motion for summary judgment and granted plaintiff's cross motion for an extension of time to serve a bill of particulars. This action to recover money damages for pain and suffering and wrongful death of plaintiff's intestate as a result of an automobile accident was commenced on March 7, 1980. Issue was joined on or about October 8, 1980, when defendant served an answer together with a demand for a bill of particulars. Upon plaintiff's failure to serve a bill of particulars, a motion to preclude was made by defendant. A 20-day conditional order of preclusion was granted by Justice Pennock at Special Term. Plaintiff failed to serve a bill of particulars within the time specified in the order and defendant moved for summary judgment. Plaintiff then cross-moved pursuant to CPLR 2004 for an extension of time to furnish a bill of particulars. In due course, the motion and cross motion were heard before Justice Pennock at Special Term. Special Term granted plaintiff's cross motion for an extension of time to serve a bill of particulars and denied defendant's motion for summary judgment unless plaintiff failed to serve a bill of particulars within 10 days. This appeal

by defendant ensued. Special Term should be affirmed. CPLR 2004 provides that: "Except where otherwise expressly prescribed by law, the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed." The relief afforded by this section is within the discretion of the court (Siegel, New York Practice, § 6, pp 6-7; 2A Weinstein-Korn-Miller, NY Civ Prac, par 2004.02). In this regard, Weinstein-Korn-Miller instructs us that "[i]f there is no showing of prejudice to the opponent of the application [pursuant to par 2004] * * * extensions are rather liberally granted" (2A Weinstein-Korn-Miller, NY Civ Prac, par 2004.04; see, also, Siegel, New York Practice, § 6, pp 6-7). Since defendant failed to demonstrate any prejudice, we cannot quarrel with Special Term's decision. However, despite the lack of prejudice, defendant seems to contend that under the circumstances of this case, Special Term lacked the discretion to grant plaintiff's cross motion. Specifically, since plaintiff's delay in serving a bill of particulars was admittedly caused by law office failure, defendant, citing *Barasch v Micucci* (49 NY2d 594), maintains that, as a matter of law, plaintiff's cross motion should have been denied. We do not agree. To date, *Barasch* and its progeny (see *Eaton v Equitable Life Assur. Soc. of U. S.*, 56 NY2d 900) have not been applied by the Court of Appeals to a situation, such as this, where the court is exercising its discretion pursuant to CPLR 2004 to extend a time period set forth in its own order. Since an extension of the rule of *Barasch* to this case would deprive a litigant with a meritorious cause of action of his day in court, we decline to so extend the rule (cf. Siegel, New York Practice, § 6, pp 6-7). Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.