HAIDER G. GOUSSOUS et al., Respondents, v MODERN FOOD MARKET, INC., Defendant, and TOBIN PACKING CO., INC., Appellant.

Third Department, May 12, 1983

APPEARANCES OF COUNSEL

*Bohl, Clayton, Komar & Della Rocca, P. C. (Myron Komar* of counsel), for appellant.

*Lyons, Pentack, Brown & Tobin (Robert A. Murphy, Jr.,* of counsel), for respondents.

*Carter, Conboy, Bardwell, Case & Blackmore* for defendant.

OPINION OF THE COURT

LEVINE, J.

Plaintiffs brought this action to recover damages for personal injuries and derivative loss sustained allegedly as

a result of plaintiff Haider Goussous's contracting trichinosis from pork purchased from defendant Modern Food Market (Modern Food) and distributed by defendant Tobin Packing Co., Inc. (Tobin). Tobin served an answer and a demand for a bill of particulars on April 5, 1978. Ten months later, on February 19, 1979, Special Term granted a 30-day conditional order of preclusion because of plaintiffs' failure to serve the bill of particulars. On May 9, 1979, Special Term also granted an order for plaintiffs to furnish Tobin with hospital records. Plaintiffs did not comply with either order until May 29, 1980, 14 months after the conditional order of preclusion had expired, when plaintiffs attempted to serve a bill of particulars on Tobin. It was immediately rejected as untimely. No further action was taken until eight months later when, on January 20, 1981, Modern Food brought a motion to compel plaintiffs and Tobin to appear for depositions upon oral examination. Tobin then cross-moved for summary judgment based on plaintiffs' failure to comply with the preclusion order and the order for hospital records, or, in the alternative, on the merits, for legal insufficiency. Plaintiffs then cross-moved for an order to compel Tobin to accept its proposed bill of particulars. In deciding these motions, Special Term denied Tobin's cross motion for summary judgment on all grounds, and granted plaintiffs a 20-day extension in which to serve a bill of particulars, imposing, however, a $50 sanction against plaintiffs' former attorney. Tobin has appealed.

█ Tobin claims that because plaintiffs' delay concededly resulted from law office failure, Special Term erred as a matter of law in relieving plaintiffs from the preclusion order. Tobin points to *O'Neal v Pankin* (90 AD2d 623), and *Liberski v Zimmer USA* (88 AD2d 1072) and *Melendez v Layton* (83 AD2d 655), cited therein, which it contends apply the strict rule of *Barasch v Micucci* (49 NY2d 594) to noncompliance with a preclusion order. However, *St. Louis v Willey* (92 AD2d 703), our most recent decision on this topic, clearly stands for the proposition that we have not thus extended the rule of *Barasch*. Any seeming inconsistencies between *St. Louis* and *O'Neal-Liberski-Melendez* can be reconciled on several grounds. *Barasch* and its

progeny (see, e.g., *Eaton v Equitable Life Assur. Soc. of U. S.*, 56 NY2d 900) state that, as a matter of law, law office failure is insufficient as a reasonable excuse for a default in service of a complaint or an answer; that is, trial courts may not exercise discretion to relieve a default where the only excuse is law office failure. Neither the Court of Appeals nor this court, however, has treated delays in complying with conditional preclusion orders because of law office failure as prohibiting the exercise of such discretion.* In *Melendez v Layton* (83 AD2d 655, *supra*), we reversed the lower court on the law and the facts, in the exercise of our discretion, and in *Liberski v Zimmer USA* (88 AD2d 1072, *supra*) and *O'Neal v Pankin* (90 AD2d 623, *supra*), we affirmed Special Term's exercise of its discretion. Thus, each of the cases relied upon by Tobin turned on the exercise of judicial discretion as to its individual facts and circumstances. Moreover, in *Shumalski v Government Employees Ins. Co.* (80 AD2d 975, affd 54 NY2d 671), wherein Special Term granted the plaintiffs permission to serve a further bill of particulars 11 months after the 30-day preclusion order, we reversed Special Term in the exercise of our discretion, and the Court of Appeals then affirmed on summary consideration, specifically noting and countenancing the fact that our reversal was "on the law and the facts" (i.e., discretionary) (*supra, at p 673*). Certainly, if the Court of Appeals intended to apply *Barasch* to preclusion orders, it would have stated instead that lower courts had no discretion in such instances, and affirmed on that ground. The Court of Appeals has also recently indicated that, other than in pleading defaults, it does not intend to apply *Barasch*. In *Miskiewicz v Hartley Rest. Corp.* (58 NY2d 963), the court held that *Barasch* should not be applied to a failure to comply with the 90-day time limit of CPLR 3216 for service of a note of issue. If lower courts are thus not bound to enter a default as a matter of law where there has been a law office failure to meet a statutorily imposed time limit, it seems even less reasonable to deny a court the exercise of its discretion concerning an extension of the court's own time limit in a

---

* But see *Russo v Rochford* (89 AD2d 892 [2d Dept]), which appears to apply *Barasch* to court-ordered disclosure.

conditional order of preclusion (see, also, *Donnelly v Pepi-celli,* 58 NY2d 268, where, in another limitation on *Barasch,* the court reversed the dismissal of a late complaint, stating that disagreement between attorneys concerning discovery for the purpose of framing a complaint is not law office failure and thus does not bar late service as a matter of law).

We have long held that the excuse put forward for delay in serving a bill of particulars must be "proportionate to the delay" (*Shumalski v Government Employees Ins. Co.,* 80 AD2d 975, 976, affd 54 NY2d 671, *supra; Scholefield v De Cordier,* 70 AD2d 351, 353). In the instant case, there were substantial and uncontradicted extenuating circumstances in connection with plaintiffs' prior attorney's failure timely to serve a bill of particulars. During the period following the conditional preclusion order, the legal partnership representing plaintiffs was involved in dissolution proceedings precipitated by the conviction of one partner on Federal criminal charges for failure to file income tax returns (see *Matter of Murphy,* 80 AD2d 981). Apparently, new counsel for plaintiffs was not substituted until August, 1981, just before Special Term's order herein. Clearly, no willfulness was involved in plaintiffs' delay. Therefore, we agree with Special Term's exercise of discretion in relieving plaintiffs of the fatal consequences of their default (*St. Louis v Willey,* 92 AD2d 703, *supra; Jones v White Metal Rolling & Stamping Corp.,* 86 AD2d 687; *Vecchione Constr. Corp. v Efros,* 85 AD2d 633; *Neufeld v Roome,* 84 AD2d 503). While plaintiffs' delay was not willful, it was protracted, and relief therefrom should not be granted without appropriate sanctions. The nominal fine of $50 imposed upon plaintiffs' former counsel is not commensurate with the seriousness of these circumstances. Accordingly, we exercise our discretion to increase the sum to be paid personally by plaintiffs' former attorney to Tobin to $500 (*Vecchione Constr. Corp. v Efros,* 85 AD2d 633, *supra*).

■ Tobin's motion for summary judgment on the merits, on the ground that the danger of eating improperly cooked pork is universally known and, therefore, should not be a ground for recovery, was properly denied by Special Term.

This is nothing more than an assertion of the patent danger doctrine which New York has long since abandoned (*Micallef v Miehle Co., Div. of Miehle-Goss Dexter,* 39 NY2d 376). Moreover, substantial factual issues exist, including whether there was a failure to warn plaintiffs of the condition of the pork and the degree to which it needed to be cooked, as well as the degree of care necessary on defendant's part to avoid unreasonable risks to users of its pork.

The order should be modified, on the law and the facts, by increasing to $500 the sum to be paid personally by plaintiffs' former attorney to Tobin and, as so modified, affirmed, without costs.

KANE, J. P., MAIN, MIKOLL and YESAWICH, JR., JJ., concur.

Order modified, on the law and the facts, by increasing to $500 the sum to be paid personally by plaintiffs' former attorney to Tobin and, as so modified, affirmed, without costs.