■ In the Matter of HIGHMOUNT SKI CENTER, INC., Respondent, v COMMISSIONER, STATE OF NEW YORK, DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Appellant. — Appeal from a judgment of the Supreme Court at Special Term (Torraca, J.), entered November 15, 1982 in Ulster County, which, *inter alia,* granted petitioner's application for relief pursuant to CPLR article 78. Petitioner operates a ski area located within the confines of the Catskill Park. At two different times during 1981 it erected signs in the park along the road leading to the ski area. On both occasions the Department of Environmental Conservation (DEC) cited petitioner for failing to secure a sign permit as required pursuant to ECL 9-0305 and DEC regulations (6 NYCRR 195.1, 195.6). No effort has been made to obtain a permit for either sign because petitioner claimed they were "directional" rather than "advertising" signs. Unless a sign is an "advertising sign" it is not subject to DEC regulation. The first sign had been removed by the State prior to the construction of the second. When an attempt was made to displace the second sign, petitioner procured a

temporary restraining order enjoining its removal and instituted this article 78 proceeding seeking return of the first sign and the right to maintain like signs without DEC interference. Special Term initially denied petitioner's application with leave to renew on more complete papers. On the return date of the renewal motion petitioner failed to appear or file supporting papers and its motion was thereupon struck from the calendar. Two weeks later, petitioner resubmitted its application for renewal to the court; that application was accepted. Thereafter a judgment was issued denying respondent's cross motion to dismiss because of the earlier failure to appear, compelling DEC to return petitioner's sign, and permitting petitioner to erect a directional sign no larger than two and one-half feet in height and four feet in width. This appeal ensued. Recent clarification of the rigorous rule adopted in *Barasch v Micucci* (49 NY2d 594) and *Eaton v Equitable Life Assur. Soc. of U. S.* (56 NY2d 900) indicates that it applies only to pleading defaults (see *Miskiewicz v Hartley Rest. Corp.,* 58 NY2d 963; *Goussous v Modern Food Market,* 93 AD2d 417). And since respondent was not prejudiced by the relatively insignificant two-week delay, the court acted well within its discretion in entertaining petitioner's resubmitted motion for renewal. Substantively, the central issue is whether the signs were "advertising signs" within the meaning of ECL 9-0305. The first sign was six feet high by eight feet wide and contained the words "Highmount Ski Center" with a directional arrow. pointing straight ahead indicating a distance of "½ mi". The "m" in the word "Highmount" was graphically designed to represent twin peaks of a mountain. The second sign, two and one-half feet high by four feet wide, stated simply "1 MILE SKI HIGHMOUNT" and contained a large yellow directional arrow pointing straight ahead. Subdivision 1 of section 9-0305 of the ECL provides in part that no person shall have within the park "any advertising sign, advertising structure or device of any kind, except under written permit from the department". Although "advertising sign" and "advertising" are not defined in this statute, the generally accepted meaning of these terms as well as their definitions in a similar statutory context provide not only a helpful but compelling analogy. The Public Authorities Law, which regulates signs placed on the New York State Thruway, defines "advertising device" as "any billboard, sign, notice, poster, or display, or other device intended to attract or which does attract the attention of operators of motor vehicles" (Public Authorities Law, § 361-a, subd 2). This equating of "advertising" with the attracting of public attention corresponds with commonly recognized interpretations of the word which, significantly, include "the calling of information to the attention of the public, by whatever means" (*Matter of Koffler,* 51 NY2d 140, 146, cert den 450 US 1026; see Webster's Third New International Dictionary, p 31; Black's Law Dictionary [5th ed], p 50). Given these definitions, there is little doubt that the disputed signs, even though they be directional in nature, constitute "advertising signs" for they are intended to attract and bring to the attention of the public information concerning the whereabouts of petitioner's ski area. Petitioner is accordingly required to apply for a permit. As for the assertion that respondent is using the permit regulations mischievously so as to afford a competitive advantage to Belleayre Ski Center, a nearby State-operated resort, we note only that the record, at this juncture, is insufficiently developed to make consideration of this claim feasible. Judgment reversed, on the law, without costs, and petition dismissed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.