■ J. R. STEVENSON CORP. et al., Plaintiffs, v DORMITORY AUTHORITY OF THE STATE OF NEW YORK, Defendant and Cross-claiming Defendant and Third-Party Plaintiff, and LOUIS SKIDMORE et al., Doing Business as SKIDMORE, OWINGS AND

MERRILL, Defendants and Third-Party Plaintiffs-Appellants. S &M PLUMBING Co., INC., et al., Third-Party Defendants-Respondents. (Action No. 1.) DORMITORY AUTHORITY OF THE STATE OF NEW YORK, Plaintiff, v COMMERCIAL UNION INSURANCE COMPANY OF NEW YORK, Defendant. (Action No. 2.) WALTER KIDDE CONSTRUCTORS, INCORPORATED, Plaintiff, v DORMITORY AUTHORITY OF THE STATE OF NEW YORK, Defendant. (Action No. 3.) A. I. SMITH ELECTRICAL CONTRACTORS, INC., Plaintiff, v DORMITORY AUTHORITY OF THE STATE OF NEW YORK, Defendant and Third-Party Plaintiff, et al., Third-Party Defendants. LOUIS SKIDMORE et al., Doing Business as SKIDMORE, OWINGS AND MERRILL, Third-Party Defendants and Fourth-Party Plaintiffs-Appellants, v WALTER KIDDE CONSTRUCTORS, INCORPORATED, et al., Fourth-Party Defendants-Respondents. (Action No. 4.)—Order, Supreme Court, New York County (Wright, J.), entered September 27, 1984, granting Kidde's motion for a default judgment against Skidmore on Kidde's counterclaims in action No. 4 and denying Skidmore's cross motion for an order compelling Kidde to accept service of its reply and dismissing said counterclaims, unanimously modified, on the law and on the facts and in the exercise of discretion, without costs or disbursements, the motion denied, the cross motion granted to the extent of directing Kidde to accept the tendered reply and, except as thus modified, affirmed.

Order, Supreme Court, New York County (Wright, J.), entered September 13, 1984, striking Skidmore's answers to interrogatories, dated July 10, 1984, Skidmore's third-party complaint against Kidde in action No. 1, and Skidmore's fourth-party complaint against Kidde in action No. 4, and severing and dismissing said third- and fourth-party complaints in all respects with prejudice, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs or disbursements, Kidde's motion to dismiss said third- and fourth-party complaints denied and Kidde directed to accept Skidmore's previously served answers to interrogatories, subject to any motion Kidde may be advised to bring to compel satisfactory answers, said motion to be made within 10 days of service of a copy of the order herein.

Order, Supreme Court, New York County (Wright, J.), entered September 13, 1984, denying the Dormitory Authority's motion to substitute Stevenson's surety, Commercial Union, for Stevenson in action No. 1, unanimously affirmed, without costs or disbursements.

Order, Supreme Court, New York County (Wright, J.), entered September 27, 1984, granting Smith's motion to compel

a nonparty witness, Arthur Bates, to answer certain questions at an examination before trial to the extent of compelling an answer to a specific question (whether at the time a settlement offer was made it was the belief of the Dormitory Authority that Smith played no role in delaying completion of the project), unanimously affirmed, without costs or disbursements.

Order, Supreme Court, New York County (Wright, J.), entered September 19, 1984, striking the Board of Higher Education's complaint against Skidmore in action No. 1 and severing and dismissing the same with prejudice, unanimously modified, on the law and on the facts and in the exercise of discretion, without costs or disbursements, the complaint reinstated and Skidmore's motion for, *inter alia,* an order of preclusion granted, unless the Board of Higher Education, within 20 days after service of a copy of the order herein, serves Skidmore with a bill of particulars, as demanded, and, except as thus modified, affirmed.

Order, Supreme Court, New York County (Wright, J.), entered July 5, 1984, denying the motion of the Board of Higher Education and the Dormitory Authority to compel Commercial Union to produce certain accountant's reports and the cross motion of Stevenson and Commercial Union to compel the Dormitory Authority and the Board of Higher Education to produce an auditor's report unanimously modified, on the law, without costs or disbursements, to the extent of directing that Commercial Union's accountant's reports be produced for inspection by the Dormitory Authority and the Board of Higher Education within 10 days after service of a copy of the order herein, and, except as thus modified, affirmed.

Order, Supreme Court, New York County (Wright, J.), entered January 25, 1985, granting the Dormitory Authority's motion to preclude Stevenson from presenting evidence against it in action No. 1, granting the cross motion of Stevenson and Commercial Union to preclude the Dormitory Authority from presenting evidence of its defense and in support of its counterclaim in action No. 1 and in support of its affirmative claims against Commercial Union in action No. 2 and denying the cross motion of Stevenson and Commercial Union to compel the Dormitory Authority to accept the bill of particulars theretofore served by Stevenson, unanimously modified, on the law and the facts and in the exercise of discretion, without costs or disbursements, the motion denied, the cross motion to preclude the Dormitory Authority granted unless, within 20 days after service of a copy of the order

herein, the Dormitory Authority serves Stevenson and Commercial Union with a bill of particulars, as demanded, the cross motion to compel the Dormitory Authority to accept the bill of particulars heretofore served by Stevenson granted, and, except as thus modified, affirmed.

The dispositions with which we disagree are essentially a result of a basic misapprehension as to the realities of protracted and complex litigation, especially where, as here, multiple parties are involved. In each instance the court violated a fundamental policy of New York jurisprudence—except in the rarest of cases, disputes should be decided on their merits.

These seven appeals arise out of four consolidated actions, all of which stem from the construction of a science building and physical education building at the Uptown Center of the City University of New York. Skidmore, an architectural firm, was engaged pursuant to a 1963 contract with the Board of Higher Education to prepare drawings and specifications for the project. The construction contemplated by these drawings and specifications was divided into five separate contracts, each to be awarded to a different prime contractor. Construction began in April 1968 under the supervision of Walter Kidde Constructors, an engineering firm. While completion of the project was scheduled for April 1970, construction continued until October 1973, as a result of which claims of additional costs and damages in excess of $19,000,000 due to construction delays have been asserted. In all, there are 15 parties involved in the four consolidated actions, which have been pending since 1973.

After 11 years of litigation and extensive pretrial discovery, a May 31, 1984 deadline was set for the completion of all discovery with the understanding that the case would proceed to trial in the September Term. A single justice was assigned to the consolidated actions for all purposes. The discovery deadline approached and passed without complaint by any of the parties to the special referee assigned to supervise the orderly disposition of discovery. At the time, unanswered demands for bills of particulars and interrogatories remained outstanding. It is clear on this record that these demands and interrogatories, served 10 years before, essentially lay dormant by mutual consent of the parties as they pursued settlement negotiations and exploited other disclosure devices. In the spring and summer of 1984, however, as the trial of the consolidated actions approached, the parties reinstated their

respective demands for bills of particulars and interrogatories, thereby spurring a spate of motion activity.

On July 3, 1984, Kidde moved to strike Skidmore's third-party complaint against it in action No. 1 and Skidmore's fourth-party complaint against it in action No. 4 for Skidmore's failure to provide answers to the three sets of interrogatories by July 2, 1984, the date to which the parties stipulated for compliance. Eight days later Skidmore served its answers. Trial Term granted the motion, holding that Skidmore had been in "default for a decade" and that the 10-year hiatus between service of interrogatories was "so excessive a breach of propriety that the severest sanction should be imposed." The court erred on both the law and facts. There was no default for over a decade. The default was eight days. As both parties concede, Kidde had agreed that it would not demand compliance in the absence of a trial date or discovery cutoff. The parties' private arrangement deferring compliance with the interrogatories had imposed no burden on the court. Moreover, Skidmore's default does not appear to have been willful. It had assembled and produced over 15,000 pages of documents and drawings in the course of discovery in these proceedings. Thus, the drastic remedy of dismissing a complaint was unwarranted. If the interrogatories as served are insufficient Kidde's remedy is to move to compel satisfactory answers. (*See, Jones v White Metal Rolling & Stamping Corp.*, 86 AD2d 687, 688; *General Elec. v Riina*, 54 AD2d 642.)

In the wake of Kidde's motion Skidmore wrote to the Board of Higher Education on July 16, 1984 requesting that it respond to its outstanding demand served 10 years earlier. Confronted with the Board's assertion that the parties had agreed to accept discovery in lieu of service of a bill of particulars, Skidmore moved, primarily for a direction that the Board comply with its demand. Only alternatively did it seek a preclusion order. Notwithstanding, Trial Term's response was to strike and dismiss with prejudice the Board's complaint against Skidmore in action No. 1, in which it had sought $2,271,769 in damages. Taking its cue, the Dormitory Authority moved on the basis of this precedent to preclude Stevenson, a contractor, from presenting evidence in action No. 1. That motion was granted, as was the cross motion of Stevenson and its surety, Commercial Union, to preclude the Dormitory Authority from offering evidence in support of its defense and counterclaims in action No. 1, and in support of its claims against Commercial Union in action No. 2. That part of Stevenson's cross motion seeking to compel the Dormi-

tory Authority to accept its bill of particulars, served 11 years after the demand therefor and in response to the Dormitory Authority's motion, was denied. Again Trial Term rejected the claims of an oral understanding between the parties as being contrary to the letter of CPLR 2104. The determinations on the motions directed to the failure to serve a timely bill of particulars were, to say the least, draconian. In the initial motion dismissal was not even sought. All that Skidmore sought was compliance. Again, no great burden was being placed upon the judicial system by the parties' understanding, express or otherwise. In the circumstances, the grant of a conditional order of preclusion would have been a satisfactory sanction. Accordingly, where appropriate, we impose that sanction.

After moving to strike Skidmore's answers on July 3, 1984, Kidde thereafter, on August 14, 1984, moved for a default judgment on the two counterclaims which it had interposed against Skidmore in its July 21, 1983 answer to Skidmore's fourth-party complaint in action No. 4. Through oversight Skidmore had failed to reply to these counterclaims, which were essentially identical to the two sets of counterclaims Kidde had asserted against Skidmore in 1974 in action No. 1. Skidmore had timely served substantially identical verified replies to both sets of counterclaims in action No. 1. Kidde, in fact, had conducted all of its discovery in these consolidated actions on the basis of Skidmore's replies to its counterclaims in action No. 1. In the one-year interval between Skidmore's default and the motion for a default judgment Kidde had not made a single request for a reply, either formally or informally. A verified reply was served on the return date of the motion. Notwithstanding, Trial Term directed the entry of a default judgment against Skidmore on the counterclaims. This was error. In the circumstances, Skidmore's inadvertent failure to reply timely should have been excused. Moreover, Kidde was in no way prejudiced since Kidde had received timely replies to two sets of essentially identical counterclaims nine years earlier. Furthermore, a prima facie meritorious defense was shown. Skidmore's argument that the counterclaims are time barred is without merit since they seek indemnity as to which the Statute of Limitations would not begin to run until Kidde had made payment. (*See, McDermott v City of New York,* 50 NY2d 211.)

Finally, in another discovery order, Trial Term denied a motion by the Board of Higher Education and the Dormitory Authority to compel Commercial Union to produce certain

accountant's reports and a cross motion by Stevenson and Commercial Union which sought production of the Dormitory Authority's accounting reports. The record indicates that the consultant who prepared the report for the Dormitory Authority did so at the behest of the Authority's lawyers for the sole purpose of auditing Stevenson in preparation for trial. Thus, that report, as urged by the Board and the Authority, was privileged pursuant to CPLR 3101 (d) as material prepared for litigation. (*See, Fedorcyzk v New York Univ.*, 95 AD2d 822.) The reports prepared for Commercial Union, however, are subject to discovery since they were prepared as a review of the operations and expenditures of Stevenson, for which it acted as surety, to insure that Commercial Union had established adequate reserves pursuant to the Insurance Law's requirements, to verify Stevenson's figures, and to insure that Stevenson's expenditures were proper. Thus, the accountant's reports represent an independent verification by the surety of the obligor's claims. Nor were they prepared at the request of Commercial Union's attorneys. As such, they were records prepared in the ordinary course of business and do not qualify for the material prepared for litigation privilege provided by CPLR 3101 (d). Nor do they qualify as an attorney's work product. (*See, Couch v United States*, 409 US 322.) Thus, the motion of the Board and the Authority should have been granted.

We have examined the other contentions raised on these appeals and find that they are without merit. Concur—Sandler, J. P., Sullivan, Carro, Fein and Milonas, JJ.