OPINION OF THE COURT
Eugene J. Berkowitz, J.
The attorney for defendant wife has moved this court for an order pursuant to CPLR 3134 compelling the attorney for plaintiff husband to properly respond to interrogatories served upon the attorney for plaintiff husband on March 29, 1987.
According to the movant’s affirmation, as a result of an order to show cause dated August 6, 1987, this court issued an order dated October 14, 1987 which directed, inter alia, that plaintiff serve responses to the interrogatories within 45 days after service of notice of entry. On or about January 8, 1988 the movant sent plaintiff’s attorney a letter requesting the responses. On January 27, 1988, the responses were rejected due to the plaintiff’s attorney’s failure to respond in accordance with CPLR 3134 in that he did not precede each response with a retyped question. Two additional letters were *1080 sent by defense counsel on February 3, 1988 and February 5, 1988, the latter suggesting that plaintiffs attorney make copies of the questions and cut and paste them to the answer if he did not want to retype them. This suggestion was rejected by plaintiff’s attorney.
The crux of defense counsel’s argument is the difficulty he would have in cross-examination of the plaintiff if he had to refer to two documents.
CPLR 3134 ("Answers to interrogatories”) states in pertinent part: "Each question shall be answered separately and fully and each answer shall be preceded by the question to which it responds.” (CPLR 3134 [a].)
In the case at bar, the defendant served a set of interrogatories containing 70 questions, 43 of which contained subquestions for a total of 310 questions, comprising 38 typed pages.
The court agrees with counsel for the plaintiff husband that to reject the responses simply because of his failure to retype all the questions, when there has been no allegation by defense counsel that such responses were, in any way, insufficient or unresponsive in content, is absurd.-This is especially so where'defense counsel concedes that the only prejudice to him or his client would be his inconvenience during cross-examination of plaintiff. Moreover, defense counsel could have prepared the -interrogatories in a manner which allows space for answers between questions, as suggested in the Practice Commentaries to CPLR 3134.
It is interesting to note that the court has been unable to find a single case that specifically addresses this issue. Perhaps the reason for that can be gleaned from the Practice Commentaries to CPLR 3134 which states that "the parties ought to be able to work out their own method [for answering interrogatories] without the need for judicial intervention for so picayune a matter of form.” (Siegel, 1976 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3134:l, 1988 Pocket Part, at 388.)
In Jones v White Metal Rolling & Stamping Corp. (86 AD2d 687) it was held that compliance to interrogatories is the province of the court and that rather than rejecting an adversary’s answers the party should have moved to compel satisfactory answers (citing General Elec. v Riina, 54 AD2d .642).
In the instant matter the court finds that there is nothing to be gained, at this juncture, to compel the plaintiff’s attor *1081 ney to retype the voluminous amount of questions, and that this motion is merely a delaying tactic to stall the resolution of this action. Moreover, the court concludes that the intent of the statute was satisfied by the plaintiffs attorney having identified each question number immediately prior to setting forth his response thereto.
The issue here clearly boils down to one of form over substance; this the court will not allow under the circumstances herein.
Accordingly, the motion to compel proper responses to interrogatories is denied.