■ LEONARD SCHECHTER, Respondent, v JEANETTE SCHECHTER, Appellant.—In an action for partition of real property, defendant appeals from an order of the Supreme Court, Suffolk County, entered December 15, 1978, which granted summary judgment in favor of the plaintiff and appointed a Referee. The appeal brings up for review so much of an order and judgment (one paper) of the same court, dated June 25, 1979, as, upon reargument, adhered to the original determination, directed entry of a final judgment of partition and sale, and made appropriate provisions therefor. Appeal from the order dismissed as academic. The order was superseded by the granting of reargument. Order and judgment affirmed insofar as reviewed. Plaintiff is awarded one bill of $50 costs and disbursements. The parties to the instant action were married in 1973. In April, 1974 the plaintiff husband deeded the marital home, of which he was then the sole owner, to himself and his wife as tenants by the entirety. The parties were divorced, following a trial, in December, 1977. The judgment of divorce specifically denied the wife's request for exclusive possession of the marital home. The judgment also denied the husband's request for a direction that the property be sold. In his decision, the Trial Judge recommended that the parties voluntarily sell the property. In January, 1978 the husband commenced the instant action, claiming that the divorce judgment had converted his interest in the property to a tenancy in common, and that, as such, he was entitled to partition. Special Term granted summary judgment in the husband's favor, over the wife's claim that he was not entitled to the relief sought absent a modification of the divorce judgment (see *Ripp v Ripp*, 38 AD2d 65, affd 32

NY2d 755). In our opinion, Special Term properly granted summary judgment. In the instant case, unlike *Ripp v Ripp (supra)*, the defendant was denied exclusive possession of the marital premises by the matrimonial court. Consequently, partition of the property would not interfere with any judicially created right of occupancy, or compromise the integrity of the judgment of divorce. It is true that the matrimonial court declined to order a sale of the property. However, the court stated its belief that the parties would fare better if they sold the property voluntarily. The judgment of divorce left each party free to exercise whatever rights each had in the property. There is no indication that the court intended to preclude the parties from seeking partition at a later date. We find defendant's remaining contentions to be without merit. Mollen, P. J., Hopkins, Titone and O'Connor, JJ., concur.