■ GRACE HELFER, Plaintiff, v DAN'S SUPREME SUPERMARKET, INC., Defendant and Third-Party Plaintiff-Appellant. VINNIE'S MAINTENANCE CO., Third-Party Defendant-Respondent. — In a negligence action to recover damages for personal injuries, the defendant third-party plaintiff appeals from an order of the Supreme Court, Queens County (Dunkin, J.), dated August 30, 1982, which denied its motion, pursuant to CPLR 3215, for a default judgment

against the third-party defendant, and granted a cross motion by the third-party defendant requiring the defendant third-party plaintiff to accept service of its answer to the third-party complaint. Order reversed, on the law, with $50 costs and disbursements, motion granted, cross motion denied and the matter is remitted to the Supreme Court, Queens County, for an inquest to assess the defendant third-party plaintiff's damages. The excuse proffered by the third-party defendant that the delay of nearly two months in interposing an answer on its behalf was caused by the fact that its insurance carrier needed that much time to confirm coverage is akin to law office failure and is insufficient as a matter of law (see *Eaton v Equitable Life Assur. Soc. of U. S.*, 56 NY2d 900; *Barasch v Micucci*, 49 NY2d 594; *Bruno v Village of Port Chester*, 77 AD2d 580). The third-party defendant was likewise in error in relying on subdivision (c) of section 15-108 of the General Obligations Law as providing it with a meritorious defense to the action (see *McDermott v City of New York*, 50 NY2d 211, 216-217; *Rogers v Dorchester Assoc.*, 32 NY2d 553, 565). Lazer, J. P., O'Connor, Brown and Rubin, JJ., concur.