■ DINA V. MARCELLO, Respondent, v PAUL MARCELLO, Appellant. — Appeal from an order of the Supreme Court at Special Term (Bryant, J.), entered August 3, 1982 in Broome County, which granted plaintiff's motion for summary judgment. Plaintiff and defendant were married in 1964 and in 1972 purchased real property in Binghamton, New York, as tenants by the entirety. By service of a summons with notice plaintiff commenced an action for divorce in July, 1980. The notice further requested the ancillary relief of custody of the parties' infant son, child support, maintenance, and equitable distribution of the marital property. On December 4, 1980, a judgment of divorce was signed. This judgment also referred all issues of ancillary relief, including equitable distribution, to Family Court. By order dated April 10, 1981, Broome County Family Court denied exclusive possession of the marital residence to either party and directed that the house be sold and the proceeds divided equally. Defendant appealed from Family Court's order, but never perfected the appeal. Accordingly, that appeal has been deemed abandoned pursuant to the rules of this court (22 NYCRR 800.12). No sale of the residence, in which defendant was living, took place. On March 23, 1982, plaintiff commenced the instant action for partition. After defendant answered, plaintiff moved for summary judgment. Special Term granted summary judgment and this appeal was then taken. Defendant's initial arguments concern the validity of Supreme Court's determination referring the issue of equitable distribution to Family Court and Family Court's subsequent order. Defendant, however, failed to appeal Supreme Court's direction* and failed to perfect his appeal from Family Court's order. Accordingly, defendant should not be permitted to raise on this appeal the issue of the propriety and enforceability of these determinations (see *Bray v Cox*, 38 NY2d 350). Moreover, contrary to defendant's assertion, in light of Family Court's order, and since defendant would not voluntarily sell the house, we fail to find this partition action inappropriate. As defendant has failed to raise any triable issues, Special Term's order granting summary judgment should be affirmed (see *Schechter v Schechter*, 73 AD2d 614). Order affirmed, with costs. Kane, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.

* The judgment of divorce was granted by default. Defendant moved to vacate his default and this motion was denied on the basis that neither an excusable default nor a meritorious defense had been shown. No appeal was taken from the resulting order.