OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the negative.
 

 
 *695
 
 Whether Special Term’s vacatur of defendant’s default in answering was an abuse of discretion as a matter of law is a question of law reviewable by certified question
 
 (Barasch v Micucci,
 
 49 NY2d 594, 598). The appeal is, therefore, properly before us. But whether the matter be considered under the standard established by chapter 318 of the Laws of 1983, which became law during the pendency of this appeal, or that applicable prior to that enactment, there must be an affirmance.
 

 Required are a reasonable excuse for the delay and an affidavit of merits. Sufficiency of the affidavit is, however, an issue “ordinarily be left to the discretion of the lower courts”
 
 (Barasch v Micucci, supra,
 
 at p 599). Neither Special Term’s conclusion that “Andersen has met the requirement of establishing a meritorious defense * * * by a person with sufficient knowledge of [the] facts,” nor its holding that the course of prior dealings between the parties and the pendency of related civil and criminal litigation demonstrated a reasonable excuse for the delay in answering can be said on the record before us to have been an abuse of discretion as a matter of law.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur in memorandum.
 

 Order affirmed, etc.