■ STACI WEBER, Appellant, v VICTORY MEMORIAL HOSPITAL, Respondent. — In an action to recover damages for medical malpractice, plaintiff appeals from an order of the Supreme Court, Kings County (Monteleone, J.), dated July 15, 1982, which denied her motion for leave to enter a default judgment against the defendant upon its default in answering and for an inquest of damages. Order affirmed, with costs. Plaintiff moved for leave to enter a default judgment based upon the defendant's failure to serve an answer for approximately three months after the expiration of the stipulations extending its time to do so. In opposition thereto, an officer of the claims service which represented the hospital's insurer averred that his office had contacted the office of plaintiff's attorney with requests for additional information regarding the claimed injury. Despite repeated efforts to obtain the requested information, it was never proffered. Along with the opposition papers, defendant submitted the emergency room record of July 4, 1980 by way of evidencing what it deemed a valid and meritorious defense to the claim. As per the hospital record, plaintiff had arrived at the emergency room with a lacerated foot. The laceration was promptly treated and after X rays no opaque foreign bodies were discovered. In view of the bareness of the complaint, it was entirely reasonable for defendant to have solicited additional factual data prior to the service of a responsive pleading. While courts now have discretion to consider law office failure as an excuse for default (CPLR 2005, 3012, subd [d], added L 1983, ch 318; *Brann v City of New York,* 96 AD2d 923), the Court of Appeals has held that the defaulting party is still required to supply an affidavit of merits and a reasonable excuse for the delay (*Fidelity & Deposit Co. v Andersen & Co.,* 60 NY2d 693; *Stolowitz v Mt. Sinai Hosp.,* 60 NY2d 685; *Canter v Mulnick,* 60 NY2d 689; *Amodeo v Radler,* 59 NY2d 1001; cf. *Salch v Paratore,* 60 NY2d 642). Sufficiency of the affidavit is a matter generally "left to the discretion of the lower courts" (*Barasch v Micucci,* 49 NY2d 594, 599). At bar, the plaintiff's complaint does not disclose the precise details of her claim. In view of the fact that additional information was requested and not supplied, the hospital record could substitute for an affidavit of merits in this case (see *Swidler v World-Wide Volkswagen Corp.,* 85 AD2d 239, 243). Accordingly,

Special Term did not abuse its discretion in denying plaintiff's motion. Weinstein, J. P., Bracken, Rubin and Boyers, JJ., concur.