◾ HUDSON CITY SAVINGS INSTITUTION, Plaintiff, v JOSEF J. BURTON, Defendant, and ANNE E. BURTON, Respondent. CHARLES A. SARNER et al., Appel-

lants. — Appeal from an order of the County Court of Columbia County (Zittell, J.), entered July 11, 1983, which denied a motion by Charles and Joyce Sarner, the highest bidders at a mortgage foreclosure sale, to compel delivery to them of possession of the real property foreclosed upon. In the course of foreclosure proceedings instituted by plaintiff bank, defendant mortgagor Anne Burton's residence was sold at a public auction held on May 1, 1981. Prior to the foreclosure sale, Burton had executed a document with Charles and Joyce Sarner entitled "Receipt for Real Property Deposit". This document, referred to by the parties as a binder agreement, declares that it is not itself a contract of sale but is a basis for a formal contract, the terms of which will be subject to approval by attorneys for both the buyer and seller, and recites a selling price of $66,500. A formal contract was never executed. Instead, the Sarners purchased the property for $46,500 at the mortgage foreclosure sale. A motion by Burton, to which the Sarners were made a party, to set aside the foreclosure sale was denied. Although County Court found no fraud in the conduct of the sale, and confirmation of the referee's report of sale was not sought, its decision and order entered thereon of August 24, 1981 nevertheless denied confirmation of the referee's report of sale insofar as it related to the "sale and conveyance of the *title* (in contrast to a *lien*)" on the mortgaged premises; in all other respects the report was confirmed. Because an appeal from that order by the Sarners was subsequently dismissed by this court as abandoned, it is Burton's contention that the relief the Sarners seek here, namely, assistance in securing possession of the property, should have been pursued in the earlier appeal and that the doctrine of *res judicata* bars any such relief now. Although we agree that the Sarners should have pursued the relief they now seek in their prior appeal, the transparently injudicious result attained in this case prompts us to exercise our discretion and entertain consideration of an issue previously dismissed (*Aridas v Caserta,* 41 NY2d 1059, 1061; *De Ronda v Greater Amsterdam School Dist.,* 91 AD2d 1088, 1090; see *Marcello v Marcello,* 92 AD2d 687, mot for lv to app dsmd 59 NY2d 761). Whatever right Burton may have to enforce the receipt for deposit or to otherwise recover her claimed loss of $20,000 said to have been suffered because the Sarners allegedly acted inequitably when they purchased this property at the foreclosure sale, the fact remains that Burton's property was sold at a mortgage foreclosure sale at which the Sarners were the highest bidders. They have paid $46,500 to the referee, the mortgagee has received the moneys due it, and on May 13, 1981, the Sarners acquired and duly recorded the referee's deed. That deed has not been set aside, nor has the underlying sale. Since the Sarners are entitled to the benefits that run with title to property, Burton's continued possession of the premises is unwarranted. Order reversed, on the law, without costs, motion granted, and defendant Anne Burton is directed to vacate the premises in question within 60 days after service upon her of the order to be made hereon, with notice of entry. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.