■ JOAN LEOGRANDE, an Infant, by Her Mother and Natural Guardian, ROSE LEOGRANDE, et al., Appellants, v KENNETH GLASS et al., Respondents. — In a medical malpractice action, plaintiffs appeal from an order of the Supreme Court, Suffolk County (Cannavo, J.), dated January 16, 1984, which denied their motion for an order noting defendants' default and setting the matter down for an inquest and which granted defendants' cross motion to direct plaintiffs to accept late service of defendants' verified answer to plaintiffs' amended verified complaint.

Order affirmed, with costs.

This action to recover damages for medical malpractice was commenced by service of summons and verified complaint on or about October 24, 1980. Issue was joined by service of an answer on or about December 3, 1980.

By order dated October 20, 1983, Special Term (Corso, J.) granted a motion by plaintiffs to amend the complaint to assert an additional cause of action based on lack of informed consent. Special Term directed that the amended complaint be served within 20 days after defendants' receipt of a copy of the order. The amended verified complaint was in fact served by plaintiffs on defendants' attorneys by mail on November 1, 1983, and it was received by defendants' attorneys on November 3, 1983. However, a verified answer to the amended verified complaint was not served until December 14, 1983. By letter dated December 27, 1983, plaintiffs' attorney rejected and returned the answer as untimely.

Plaintiffs then moved for an order noting defendants' default and setting the matter down for an inquest. Defendants cross-moved for an order directing plaintiffs to accept service of their

verified answer to the amended verified complaint. By order dated January 16, 1984, Special Term (Cannavo, J.), denied plaintiffs' motion and granted defendants' cross motion, finding that "[t]he alleged default was of short duration and nonprejudicial". We affirm.

Service of an answer to an amended complaint must generally be made within 20 days after service of the amended complaint (CPLR 3025, subd [c]). In the instant case, plaintiffs served their amended verified complaint by mail on November 1, 1983. Moreover, because the amended verified complaint was served by mail, defendants were entitled to an additional five days in which to serve their answer (CPLR 2103, subd [b], par 2). Therefore, defendants would normally have been required to serve their answer by November 26, 1983. However, November 26, 1983 fell on a Saturday and, therefore, the answer had to be served on the next succeeding business day, which was Monday, November 28, 1983 (General Construction Law, § 25-a, subd 1). Defendants' answer was in fact served on December 14, 1983, making it only 16 days late.

Under the present statutory standard (see CPLR 2005; CPLR 3012, subd [d]; added L 1983, ch 318), a defendant seeking to excuse a default in answering must establish a reasonable excuse for the delay and a meritorious defense (*Fidelity & Deposit Co. v Andersen & Co.*, 60 NY2d 693, 695; *Weber v Victory Mem. Hosp.*, 98 AD2d 719).

In this case, the papers filed by defendants in support of their cross motion to compel acceptance of their untimely answer did not clearly articulate a reasonable excuse for the delay. Nevertheless, those papers do reflect that defendants had served an answer to the original complaint and had continued to defend the action during the ensuing three years until the time of their default in answering the amended verified complaint. It is therefore clear that they never intended to abandon their defense of this action. Moreover, plaintiffs' moving papers raise no claim of prejudice. Under these circumstances, and in view of the public policy favoring determination of cases on their merits (*Lindo v Evans*, 98 AD2d 765), the short delay of 16 days was properly excused by Special Term as a matter of discretion (CPLR 2005; CPLR 3012, subd [d]).

With respect to the showing of a meritorious defense to the action, we note that the sufficiency of an affidavit of merit is a matter generally left to the discretion of Special Term (*Fidelity & Deposit Co. v Andersen & Co., supra,* p 695; *Weber v Victory Mem. Hosp., supra*) and a verified answer may constitute a sufficient statement of merit for purposes of vacating a default

(CPLR 105, subd [t]; *Salch v Paratore,* 60 NY2d 851, 853; *Buderwitz v Cunningham,* 101 AD2d 821, 822). Under the circumstances of this case, we conclude that defendants' verified answer to the amended verified complaint, which contained general denials and asserted five affirmative defenses, constituted a sufficient statement of merits (see *Buderwitz v Cunningham, supra,* p 822). The amended verified complaint differed from the original complaint, which had long since been answered, only to the extent that it included a new cause of action alleging lack of informed consent. The amended verified complaint was verified by one of plaintiffs' attorneys, and the new cause of action contained therein was pleaded in conclusory fashion and did not allege facts or disclose the precise details of plaintiffs' claim of lack of informed consent. Thus, defendants could not have been expected to provide a detailed affidavit establishing a meritorious defense to the new cause of action (see *Weber v Victory Mem. Hosp.,* 98 AD2d 719, *supra;* see, also, *Swidler v World-Wide Volkswagen Corp.,* 85 AD2d 239, 243). Defendants' answer to the amended verified complaint, which was verified by one of their attorneys, generally denied the allegation of lack of informed consent, and raised certain affirmative defenses with respect to the new cause of action, including, *inter alia,* that plaintiffs had failed to state a cause of action, that the court lacked personal jurisdiction over defendants and that the new cause of action was barred by the Statute of Limitations. Under the circumstances, we deem this to have been a sufficient statement of merit.

Accordingly, we hold that Special Term did not abuse its discretion in this case by excusing defendants' default in answering. Titone, J. P., Bracken, Niehoff and Rubin, JJ., concur.