■ KATHERINE STIDOLPH et al., Appellants, v HELMSLEY-SPEAR, INC., Respondent. — In an action, *inter alia,* for a judgment declaring that plaintiff Fitzsimons is the rightful assignee of coplaintiff Stidolph's lease for a rent-stabilized apartment, managed by the defendant, and for a permanent injunction prohibiting defendant from interfering with or attempting to terminate Fitzsimons' tenancy, plaintiffs appeal from an order of the Supreme Court, Queens County (Goldstein, J.), dated November 21, 1983, which (1) denied their motion for leave to enter a default judgment and (2) granted defendant's cross motion to, in effect, vacate its default in answering and for leave to serve an answer and to vacate a prior order of the same court (Dunkin, J.), dated September 12, 1983, which, without opposition, granted plaintiffs' motion for a preliminary injunction.

Order modified, as a matter of discretion, by adding thereto after the word "granted" the words "upon condition defendant

personally pay plaintiffs the sum of $1,000". As so modified, order affirmed, with costs to plaintiffs. Defendant's time to comply with the condition is extended until 20 days after service upon its attorney of a copy of the order to be made hereon, with notice of entry. If the condition is not complied with then order reversed, with costs, motion granted and cross motion denied.

Special Term's determination to excuse defendant's default and grant it leave to interpose an answer was not an abuse of discretion (see *Fidelity & Deposit Co. v Andersen & Co.,* 60 NY2d 693). Defendant's proffered excuse for its default was that it was due, at least in part, to its former attorney's inadvertance. It points out that the delay was not overly long (*Bouxsein v Bialo,* 35 AD2d 523). Defendant alleges that it has a meritorious defense to this action in that section 226-b of the Real Property Law, which by its terms applies to all actions pending on June 30, 1983, and, thus, to the present action, permits it to unconditionally withhold its consent to an assignment of the residential lease in question (Real Property Law, § 226-b, subds 1, 7). We have, however, imposed an appropriate sanction. O'Connor, J. P., Brown, Lawrence and Eiber, JJ., concur.