■ N. MacFarland Builders, Inc., et al., Respondents, v Raymond E. Kelley, Inc., Appellant. — Appeal from an order of the Supreme Court at Special Term (Amyot, J.), entered February 1, 1984 in Montgomery County, which denied defendant's motion to vacate a default judgment.

In June of 1980, plaintiff N. MacFarland Builders, Inc. (MacFarland) entered into two subcontract agreements with defendant, Raymond E. Kelley, Inc. (Kelley), involving a construction project in the City of Amsterdam known as the·Amsterdam Mall-Phase II. Pursuant to the agreements, Kelley was to furnish and install a traffic deck covering at the Amsterdam Mall. After the work was completed, Kelley was informed that leaks had developed in the mall parking area over which the deck covering had been installed. When cooperative efforts failed to alleviate the problem, MacFarland, on August 3, 1983, commenced an action for breach of contract by the service of a summons and complaint on Kelley. On August 22, 1983, Kelley acknowledged receipt of the summons and complaint and, on August 31, 1983, Kelley's insurer requested an extension of time to serve an answer. An extension to September 30, 1983 was granted. When the answer was not received by September 30, 1983, MacFarland's counsel contacted Kelley's insurer on October 3, 1983 to ascertain the cause for the delay. He was advised that there appeared to be an insurance coverage problem. No further extension was requested or granted.

On October 20, 1983, MacFarland, by order to show cause returnable at Special Term on November 9, 1983, moved for a default judgment and assessment of damages. Upon the return date of the motion, defendant failed to appear or answer. The motion for default judgment was granted. On December 9, 1983, defendant moved to vacate the default judgment pursuant to CPLR 5015. The motion was denied and this appeal ensued.

The failure of a defendant's insurer to forward the file to its attorney to defend the action as well as in-house bureaucratic problems resulting in a misplaced file are akin to law office failure (see *Helfer v Dan's Supreme Supermarket,* 92 AD2d 561, 562). While courts now have the discretion to excuse defaults

where law office failure is the cause of the default (CPLR 2005, as added by L 1983, ch 318), the Court of Appeals has held that the defaulting party is still required to provide not only a reasonable excuse for the delay, but also an affidavit of merits from a person competent to attest to the meritorious nature of the claim (*Fidelity & Deposit Co. v Andersen & Co.*, 60 NY2d 693, 695). Here, the only excuse for the delay is contained in the affidavit of Jeffrey Jarman, claims manager of the Albany office of Kelley's insurer. Therein, Jarman offers as an excuse for not notifying house counsel to file an answer the assumption by the insurer's Albany office that personnel from the Buffalo office were working with the insured in an effort to settle the matter. Further, the affiant explains that since the Buffalo office did not instruct him to assign counsel to this matter when the file was assigned to the Albany office, his belief that the matter was being handled in Buffalo was fortified. Finally, Jarman states that, since the transferred file had not been earmarked for special attention, he gave it none and the default was permitted to take place.

Since the minimal efforts to settle this matter, as outlined in the exhibits attached to the Jarman affidavit, do not excuse the delay in answering (cf. *Rondout Val. Pub. Co. v AM Int.*, 93 AD2d 912, 913), nor do the in-house problems of defendant's insurer, Special Term's order must be affirmed. Inasmuch as the excuse for delay was not reasonable, we need not consider whether the defense has merit.

Order affirmed, with costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.