■ ROBERT MORGAN et al., Respondents, v EL AL ISRAEL AIR-LINES, LTD., Appellant and Third-Party Plaintiff-Appellant, et al., Third-Party Defendant. — Order of the Supreme Court, New York County (Wright, J.), entered September 13, 1984, granting, on various conditions, plaintiffs-respondents' motion to file a statement of readiness and note of issue nunc pro tunc and denying defendant-appellant El Al's cross motion to dismiss, is reversed, on the law, with costs, appellant's cross motion to dismiss is granted and plaintiffs' complaint is dismissed, with prejudice.

Plaintiff-respondent Morgan, a baggage handler, was allegedly injured in 1977, when a baggage container fell on him as it was being transported on a dolly at JFK International Airport. After a precalendar conference in September 1981, plaintiff was directed to file a note of issue and a certificate of readiness by December 15, 1981. He failed to do this and on January 21, 1982 plaintiff's time to file was extended to February 27, 1982.

Over one year later, plaintiff filed a motion returnable April 29, 1983 seeking an order to permit the filing of the note of issue nunc pro tunc. Plaintiff's counsel blamed the delay on an associate purportedly unfamiliar with the nuances of calendar practice. This motion too was granted, the order entered June 24, 1983, extending the time to file to July 29, 1983.

However, there was no action until April 16, 1984, when plaintiff's counsel moved for an order permitting a note of issue nunc pro tunc, blaming failure to file on time on an answering service. Special Term once again granted plaintiff's motion. The plaintiff failed to file an affidavit of merit nor was an adequate reason provided for plaintiff's failure to ascertain the outcome of the previous motion.

CPLR 2005 permits excusing a default for law office failure. "Required are a reasonable excuse for the delay and an affidavit of merits." (*Fidelity & Deposit Co. v Andersen & Co.,* 60 NY2d 693, 695.) Inasmuch as neither excuse nor merit are properly demonstrated, the determination must be reversed and defendant's cross motion to dismiss the complaint is granted. (*See also, Kel Mgt. Corp. v Rogers & Wells,* 64 NY2d 904; *Canter v Mulnick,* 60 NY2d 689; *Stolowitz v Mount Sinai Hosp.,* 60 NY2d 685.) Concur — Murphy, P. J., Kupferman, Ross, Asch and Milonas, JJ.