■ MILTON MONTALVO, Respondent, v NEL TAXI CORP., Appellant.—In a negligence action to recover damages for personal injuries, defendant appeals from a judgment of the Supreme Court, Queens County (Becker, J.), dated October 31, 1983, which, upon its default in appearing and answering, and following an inquest of damages before a jury, is in favor of the plaintiff and against it in the sum of $151,737.55. On appeal from the judgment, defendant seeks review of (1) an order and interlocutory judgment (one paper) of the same court (Kassoff, J.), dated March 18, 1982, which, upon its default, adjudged defendant to be liable to plaintiff and directed an inquest of damages, (2) an order of the same court (Leviss, J.), dated June 1, 1982, which denied its motion to vacate its default, and (3) an order of the same court (Leviss, J.), dated July 5, 1983, which treated defendant's motion to dismiss the complaint for failure to enter a default judgment within one year of its default as one to reargue or renew its prior motion to vacate its default, and thereupon denied the same. Defendant further appeals from an order of the same court (Becker, J.), dated March 5, 1984, which denied its postinquest motion to vacate the notice of inquest pursuant to CPLR 2005, 3012 (d), to dismiss the complaint for failure to establish a prima facie case on the issue of liability at the inquest, and to set aside the verdict on damages as excessive.

Judgment dated October 31, 1983 and order dated March 5, 1984, affirmed, with one bill of costs.

The order of Justice Leviss dated June 1, 1982, which denied defendant's motion to vacate its default, is not reviewable, as an appeal was taken therefrom and was dismissed on this court's own motion for failure to perfect the same. Where a party appeals from an intermediate order, thereafter abandons the appeal by failing to perfect, and the appeal is then dismissed by an appellate court, the party is estopped for reasons of judicial economy from seeking review of issues which could have been raised on the appeal from the intermediate order (*Bray v Cox,* 38 NY2d 350; *Matter of Smith v McManus & Sons,* 101 AD2d 890). Special Term's order dated July 5, 1983, which treated the defendant's motion to dismiss the complaint for failure to enter a judgment within one year as one to reargue or renew its prior motion to vacate its default, and thereupon denied the same, was entirely proper. The record clearly established that the plaintiff complied with

CPLR 3215 (c) and instituted proceedings for the entry of the default judgment prior to the expiration of one year from its default. Special Term's order and interlocutory judgment, dated March 18, 1982, which adjudged the defendant liable and directed that an inquest be held, is uncontrovertable proof that plaintiff acted within one year of defendant's default in appearing and answering.

Although Trial Term improperly concluded that the doctrine of the law of the case prevented it from evaluating the defendant's posttrial motion to vacate the notice of inquest pursuant to CPLR 2005, 3012 (d) on the merits, we nonetheless conclude that the motion was properly denied, as the defendant completely failed to proffer a valid and reasonable excuse for its default. Although CPLR 2005, 3012 (d) empower the courts to exercise discretion in determining motions to vacate defaults emanating from law office failure *(Stolpiec v Wiener,* 100 AD2d 931), the legislation did not intend the routine vacatur of such defaults *(La Buda v Brookhaven Mem. Hosp. Med. Center,* 98 AD2d 711, *affd* 62 NY2d 1014). Law office failure may be considered along with several other relevant factors in determining motions to open defaults. However, where, as here, no justifiable excuse is presented and the default remains unexplained, the moving party is not entitled to a vacatur of its default, regardless of the meritorious nature of its defense. Furthermore, we find that the record, regarding the plaintiff's injuries, amply supports the jury's award of damages. We have examined defendant's remaining contentions and find them to be without merit. Bracken, J. P., Weinstein, Kunzeman and Kooper, JJ., concur.