■ JOSEPH ELGART et al., Appellants, v RALEIGH HOTEL CORPORATION, Respondent.—Main, J. Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered March 8, 1985 in Sullivan County, which denied plaintiffs' motion for a default judgment.

Plaintiff Joseph Elgart was injured when he fell in January 1984 at a hotel owned by defendant. Plaintiffs commenced this action by service of a summons and complaint, pursuant to Business Corporation Law § 306 (b), upon the Secretary of State on August 17, 1984. When defendant did not thereafter timely answer, plaintiffs moved for a default judgment (CPLR 3215), whereupon defendant served a verified answer, which plaintiffs rejected as untimely. Accordingly, defendant's counsel then submitted his own affirmation in opposition to the motion for default judgment. Special Term denied plaintiffs' motion and this appeal ensued.

Plaintiffs argue that Special Term abused its discretion in excusing defendant's default. We disagree. The default in this case was allegedly occasioned by law office failure. As a result, excusing the default was a matter left to Special Term's discretion (CPLR 2005). As the defaulting party, defendant was, however, required to supply both a reasonable excuse for the default and an affidavit of merits from a person competent to attest to the meritorious nature of the claim (see, Fidelity & Deposit Co. v Andersen & Co., 60 NY2d 693, 695; MacFarland

*Bldrs. v Raymond E. Kelley, Inc.,* 107 AD2d 972, 972-973; *Fiore v Galang,* 105 AD2d 970, 971, *affd* 64 NY2d 999). Here, defendant's excuse for the default—a delay in the transmission of the complaint from defendant's insurer to defendant's counsel and a subsequent law office failure—was reasonable. As for the requirement of an affidavit of merits, we note that the sufficiency thereof is a matter generally left to Special Term *(see, Fidelity & Deposit Co. v Andersen & Co., supra),* and a verified answer may constitute a sufficient statement of merit for purposes of vacating a default *(see, Salch v Paratore,* 60 NY2d 851, 852-853; *Leogrande v Glass,* 106 AD2d 431, 432-433). In this case, in opposition to plaintiffs' motion, defendant's counsel submitted both his own affirmation and the verified answer that he had served and plaintiffs had rejected as untimely. In our view, the verified answer, which contained specific denials of certain paragraphs of the complaint and asserted five affirmative defenses, constituted a sufficient statement of merits *(see, Leogrande v Glass, supra,* p 433). Since there has been no showing that Special Term abused its discretion, we affirm its order denying plaintiffs' motion for a default judgment.

Order affirmed, with costs. Mahoney, P. J., Main, Weiss, Yesawich, Jr., and Harvey, JJ., concur.