■ In the Matter of the Estate of AMY M. ABRAMS, Also Known as AMY S. ABRAMS, Deceased.—Order unanimously reversed, on the law and facts and in the exercise of discretion, without costs, motion granted, decree vacated and matter remitted to Oneida County Surrogate's Court for further proceedings, in accordance with the following memorandum: Amy Marion Abrams executed a last will and testament on June 8, 1983. She died on September 7, 1984 leaving two surviving children, petitioner Donald Abrams and respondent Elaine Appler. The will bequeathed to petitioner $1,000 in trust, payable at the rate of $200 per year for five years, and appointed Elaine Appler's husband, William Appler, as trustee of the trust. The remainder of the estate was be-

queathed jointly to William and Elaine Appler, and William Appler was appointed executor to serve without bond.

After refusing to sign a consent to probate, petitioner was served with a citation and appeared personally before the Surrogate on the return date. He was granted a one-week adjournment in order to retain counsel. Petitioner made repeated attempts to hire a lawyer for the purpose of objecting to the will but was unable to do so. He failed to appear on the adjourned date, October 16, 1984, and a decree of probate was immediately entered. On the following day, petitioner succeeded in retaining a lawyer, who immediately communicated with the Surrogate's Court Clerk and learned of the entry of the decree.

Petitioner expeditiously moved to vacate the decree and for permission to file objections to the probate of the will. The Surrogate reserved decision on the motion but permitted petitioner to examine the attesting witnesses under oath (see, SCPA 1404). Thereafter the Surrogate denied petitioner's motion. We reverse.

The parties agree that petitioner's motion is procedurally governed by CPLR 5015 (a) (1) (see, SCPA 102, 209). To be relieved of his default, petitioner was required to show reasonable excuse for the delay and that his claim has merit (Fidelity & Deposit Co. v Andersen & Co., 60 NY2d 693). Petitioner provided ample explanation for the brief delay we see here and his showing of merit upon examination of the attesting witnesses was sufficient under the circumstances to satisfy the second prong of the test (see, Sortino v Fisher, 20 AD2d 25, 32).

Petitioner is authorized to file objections to probate of the will within 20 days of entry of the order hereon (see, SCPA 1410). (Appeal from order of Oneida County Surrogate's Court, Ringrose, S.—vacate default decree.) Present—Dillon, P. J., Callahan, Denman, Pine and Schnepp, JJ.