■ MARGARET KENOSIAN, Respondent, v WILLIAM C. SERVICE, Appellant, et al., Defendant.—Weiss, J. Appeal (1) from an order of the Supreme Court at Special Term (Hughes, J.), entered January 8, 1985 in Albany County, which granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon.

Plaintiff commenced the underlying trespass action to recover for damages to property at 305 25th Street in the City of Watervliet, Albany County, ostensibly resulting from demolition work performed by defendant L & L Building Wreckers (L & L) on adjoining property owned by defendant William C. Service. In his answer and counterclaim, Service asserted that he was the owner in fee of the premises referred to in the complaint and requested a declaration pursuant to RPAPL article 15 quieting title in his favor. On April 26, 1984, a 30-day conditional order of preclusion was entered, on consent, requiring Service to serve a bill of particulars. On September 5, 1984, plaintiff moved for summary judgment on the complaint and to dismiss the counterclaim due to Service's failure to comply with the preclusion order. Service cross-moved for an extension to comply. By decision dated November 20, 1984, Special Term granted the cross motion "upon condition the bill of particulars be served within 20 days of the date of this *decision"* (emphasis supplied) and the payment of $100 costs.

By order to show cause dated December 24, 1984, plaintiff again moved for summary judgment. On the return date, Service's attorney explained that he was awaiting the service of an order effectuating the November 20, 1984 decision, and did not realize the 20-day period commenced from the date of the decision. Special Term rejected this excuse, granted plaintiff's motion for summary judgment and awarded her $5,000 plus costs. This appeal by Service ensued.

We reverse. Service urges we exercise our discretion to relieve his default, which was occasioned by a law office failure (see, CPLR 2005, 3012 [d]; Goussous v Modern Food Mkt., 93 AD2d 417, 418-420). Based upon the explanation of Service's counsel that he misconstrued the extension directive in the November 20, 1984 decision, we cannot agree with Special Term's determination that such conduct was so egregious as to warrant the granting of summary judgment. The oversight smacks of law office failure but was clearly not willful and deliberate. Moreover, on the return date, Service resubmitted a proposed bill of particulars which had also been annexed to the previous cross motion, and presented a draft for $100. Nor was the delay inordinate or any showing of prejudice made. The record also indicates that Service may have a meritorious defense. Under these circumstances, and based upon the facts in this case as recited above, we exercise our discretion to relieve Service of the fatal consequences of the default, upon condition that Service serves his bill of particulars within 10 days after service of a copy of the order to be entered on the appeal. In so deciding, we deem it appropriate to impose costs of $300 personally against Service's attorneys to compensate for the inconvenience and expense of the delay.

Order and judgment reversed, on the facts, without costs, plaintiff's motion for summary judgment denied, and defendant William C. Service's motion to be relieved of the default judgment entered against him granted upon the conditions that (1) defendant Service serve his bill of particulars within 10 days after service of a copy of the order to be entered upon this decision with notice of entry, and (2) costs of $300 are imposed against defendant Service's counsel personally. Mahoney, P. J., Kane, Weiss, Mikoll and Harvey, JJ., concur.