■ CHRISTIAN MATHIESEN et al., Respondents, v LEO DESADORA, Doing Business as LEO'S DINER, et al., Appellants.— Weiss, J. Appeal from an order of the Supreme Court (Doran, J.), entered May 15, 1986 in Saratoga County, which, inter alia, granted plaintiffs' cross motion to vacate a default and extend the time to serve bills of particulars.

This action to recover damages for personal injuries and derivative losses arose as the result of an accident on January 10, 1984 at premises owned by defendant Leo Desadora, doing business as Leo's Diner, when plaintiff Christian Mathiesen fell through a trap door in the kitchen-office area allegedly left open and unguarded by employees of defendant Steven Wagner, doing business as Three-Way Security Company, and defendant Advanced Alarm Systems, Inc., who were performing work in the basement. Each defendant had obtained conditional orders of preclusion granted upon plaintiffs' failure to timely serve verified bills of particulars and upon plaintiffs' default in compliance therewith, and each made the instant motions for summary judgment dismissing the complaint. In denying each motion and, instead, granting plaintiffs' cross motion to vacate the default, Supreme Court found that plaintiffs' default was attributable to law office failure and excusable within the purview of CPLR 2005. We agree and affirm.

This case represents the classic law office failure situation for which the Legislature crafted a remedy enabling the courts to exercise discretion to afford relief from defaults (CPLR 2005, 3012 [d], as added by L 1983, ch 318, eff June 21, 1983). The factual situation involving the disability of the attorney assigned to work on the file and his ultimate resignation from the law firm, the absence of the attorney in charge of the case due to critical illness leading to the death of his seven-month-old grandson in Colorado, and the resignation from the firm of the lead attorney's secretary, who ordinarily

would have alerted him to the impending defaults, all appear to demonstrate the law office failure mode sufficient to appropriately authorize Supreme Court to excuse the default in the exercise of judicial discretion.

We are not unmindful of the fact that the Legislature did not intend vacatur of defaults to become routine *(La Buda v Brookhaven Mem. Hosp. Med. Center,* 98 AD2d 711, *affd* 62 NY2d 1014), nor available in the absence of a justifiable excuse *(Montalvo v Nel Taxi Corp.,* 114 AD2d 494, 495, *appeal denied and dismissed* 68 NY2d 643). Here, however, a viable excuse of law office failure has been presented and the delay was certainly not deliberate. Once the default was discovered by plaintiffs' attorneys, verified bills of particulars were served, albeit rejected as untimely. Nor is any intent to abandon the action evident, and no undue prejudice has been demonstrated by defendants. Moreover, the record indicates that plaintiffs may have a meritorious claim. Plaintiffs submitted verified bills of particulars in support of their cross motion *(see,* CPLR 105 [t]; *Wilenski v Auricchio Monuments,* 102 AD2d 824, 825), together with medical reports demonstrating the severity of the injuries sustained *(see, Knapek v MV Southwest Cape,* 110 AD2d 928, 930; *Weber v Victory Mem. Hosp.,* 98 AD2d 719). Given these circumstances, we find no abuse of discretion on Supreme Court's part in excusing the default *(see, Elgart v Raleigh Hotel Corp.,* 115 AD2d 165; *Knapek v MV Southwest Cape, supra; Goussous v Modern Food Mkt.,* 93 AD2d 417; *cf., Kenosian v Service,* 126 AD2d 790). Since the delay was protracted, the monetary sanction of $900 assessed against plaintiffs' attorneys was appropriate *(supra).*

Order affirmed, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.