■ MEMORIAL HOSPITAL, Individually and on Behalf of All Other Creditors of MARY WILKINS, Deceased, Appellant, v WALTER K. WILKINS, JR., Respondent.—Weiss, J. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered December 16, 1987 in Albany County, which, *inter alia,* granted defendant's cross motion to dismiss the complaint.

Plaintiff provided services for Mary Wilkins from November 1979 through June 19, 1980, with a total accrued charge of $11,454.90. On June 19, 1980, Wilkins conveyed an interest in certain real property to defendant, her nephew. Shortly thereafter, Wilkins died intestate and no portion of the sum due plaintiff has been paid. Plaintiff commenced this action by service of a summons and verified complaint on April 9, 1985 seeking to set aside, as fraudulent, the conveyance to defendant *(see,* Debtor and Creditor Law §§ 273-276). Thereafter, plaintiff moved for leave to enter a default judgment against defendant. Defendant cross-moved for, *inter alia,* an order dismissing the complaint on the ground that plaintiff's default application was untimely pursuant to CPLR 3215 (c). Supreme Court granted only the cross motion dismissing the complaint, giving rise to this appeal by plaintiff.

Where, as here, a plaintiff fails to pursue a default judgment within one year of the defendant's default in answering, Supreme Court is required to dismiss the action as abandoned "unless sufficient cause is shown why the complaint should not be dismissed" (CPLR 3215 [c]; *see, Perricone v City of New York,* 62 NY2d 661, 663). In order to avoid dismissal of the action, plaintiff was required to set forth a viable excuse for

the delay and demonstrate a meritorious claim *(see, Eaves v Ocana,* 122 AD2d 18; *Woodward v City of New York,* 119 AD2d 749, 750). Here, plaintiff relies solely on its attorney's affidavit bluntly attributing the delay to "inadvertence", presumably that of the attorney. While we recognize that a court, in its discretion may excuse law office failure (CPLR 2005, 3012 [d]; *see, Elgart v Raleigh Hotel Corp.,* 115 AD2d 165), we fully concur with Supreme Court that the proffered excuse was inadequate. The delay here was in excess of two years and no real explanation has been made *(cf., Woodward v City of New York, supra,* at 750). Accordingly, Supreme Court properly dismissed the complaint as abandoned.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.