■ JOHN J. FLAX, as Trustee of a Trust Made by ROBERT COOLIDGE, Respondent, v STANDARD SECURITY LIFE INSURANCE COMPANY OF NEW YORK, Defendant, and RUVIN AGENCY, INC., et al., Appellants.—Weiss, J. Appeal from an order of the Supreme Court (Lynch, J.), entered May 14, 1987 in Schenectady County, which partially granted the motion of defendants Ruvin Agency, Inc., and Jack Friedman for summary judgment and granted plaintiff's cross motion for leave to serve a supplemental bill of particulars.

Plaintiff commenced the underlying action to recover the proceeds of a life insurance policy ostensibly issued in 1969 by defendant Standard Security Life Insurance Company of New York (hereinafter Standard) and procured through defendants Ruvin Agency, Inc. and Jack Friedman (hereinafter defen-

dants). The policy was designed to finance a corporate buy-sell agreement with respect to various individuals, including Robert Coolidge, who died in August 1982. Following joinder of issue, plaintiff served an initial bill of particulars upon demand in January 1985. In July 1985, Supreme Court granted a 30-day conditional order of preclusion because the initial bill of particulars was not verified and was unresponsive. Approximately 1½ years later, by notice of motion returnable December 19, 1986, defendants moved for summary judgment dismissing the complaint against them based on plaintiff's disregard of the preclusion order. Although opposition papers were not timely presented, Supreme Court scheduled the matter for oral argument on March 17, 1987. On that same date, plaintiff cross-moved to be relieved of its default and for an opportunity to serve a supplemental bill of particulars. Supreme Court, without explanation, granted defendants' motion to the extent of dismissing the fourth cause of action and granted plaintiff a 10-day extension in which to serve a supplemental bill of particulars. Supreme Court further denied defendants' subsequent "motion to renew". Defendants have appealed.*

We find defendants correctly maintain that Supreme Court erred in refusing to dismiss the entire complaint against them upon plaintiff's failure to comply with the preclusion order. Initially, we observe that Supreme Court improperly considered plaintiff's cross motion and accompanying affidavits, which obviously were untimely presented (see, CPLR 2215; *Vanek v Mercy Hosp.,* 135 AD2d 707). In any event, the excuse proffered for the extensive delay was woefully inadequate. Plaintiff's attorney explained that he assigned the task of preparing the supplemental bill to his partner and that the matter was left unattended by "oversight". Given the history of delay attendant this action, we hardly consider this a viable excuse of law office failure, and to have accepted it was wholly untenable (cf., *Mathiesen v Desadora,* 132 AD2d 872, 873; *see also, Memorial Hosp. v Wilkins,* 143 AD2d 494, 495).

We further conclude that plaintiff's default speaks to the entire complaint. The preclusion order directed plaintiff to specify how defendants were negligent or failed to "properly service" the insurance policy. Plaintiff urges that these partic-

---

* We first observe that the renewal application was effectively one to reargue and thus nonappealable (see, *Barry v Saratoga Homes,* 137 AD2d 897, 899). Additionally, we are aware of the time differential between the entry of the order in May 1987 and the filing of the notice of appeal on April 14, 1988. Since the order was not actually served on defendants until March 31, 1988, the appeal was timely presented (see, CPLR 5513 [a]).

ulars related only to the fourth cause of action sounding in negligence, leaving the balance of the complaint intact notwithstanding the default. This contention is unfounded. The complaint essentially charged defendants with failing to apprise plaintiff of a lapse notice issued in 1980. Since plaintiff is precluded from offering any proof as to negligence or a service failure, it is evident that plaintiff cannot substantiate any cause of action framed by the complaint. Moreover, a review of the complaint shows that the first three causes of action were expressly directed at Standard, not defendants. Consequently, Supreme Court erred in not dismissing the entire complaint against defendants. Having so determined, the further directive authorizing the service of a supplemental bill of particulars becomes superfluous.

Finally, notice should be taken of Supreme Court's failure to explain the basis for its order in an accompanying decision. This practice is becoming common in this department and should be discouraged.

Order modified, on the law, with costs against plaintiff, by reversing so much thereof as partially denied the motion and granted the cross motion; motion granted in its entirety, complaint dismissed against defendants Ruvin Agency, Inc. and Jack Friedman, and cross motion denied; and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Harvey, JJ., concur.