■ BYCOMP, INC., Respondent, v NEW YORK RACING ASSOCIATION, INC., Appellant. (Action No. 1.) NEW YORK RACING ASSOCIATION, INC., Appellant, v ARTHUR A. BYAS et al., Respondents. (Action No. 2.)—Mikoll, J. Appeal from that part of an order of the Supreme Court (Cobb, J.), entered January 9, 1989 in Greene County, which conditionally granted a motion by plaintiff in action No. 1 and defendants in action No. 2 to vacate default judgments entered against them.

In 1983 ByComp, Inc. sued New York Racing Association, Inc. (hereinafter NYRA) (action No. 1) for breach of a written contract between them for ByComp's removal of horse manure from the Saratoga Race Track in Saratoga County. In 1987, NYRA instituted action No. 2 against Arthur A. Byas and Christine L. Byas, the owners of ByComp, seeking to hold them personally liable for any breach of the ByComp-NYRA contract. The actions were consolidated for trial. Along the protracted procedural route and after several discovery dates were not complied with, the parties mutually agreed that ByComp and the Byases had until May 15, 1988 to comply with a notice for discovery and inspection. NYRA's attorney submitted the agreement in the form of a consent order to Supreme Court, the substance of which is the subject of the instant controversy.

NYRA contends that the agreement included as a term that if the discovery notice was not complied with, the complaint and reply in the first action would be dismissed and NYRA would be entitled to a default judgment. The consent order incorporated these terms. In July 1988, NYRA's attorney apprised Supreme Court that ByComp and the Byases failed to comply with the agreement. By operation of the order, default judgments were entered in both actions in favor of NYRA.

ByComp and the Byases moved by order to show cause to vacate the default judgments, contending that the consent order agreement was strictly limited to a discovery schedule and that no agreement to strike the pleadings and grant judgment to NYRA was contemplated. Supreme Court conditionally granted the motion, giving ByComp and the Byases 10 more days to comply with the notice, and imposed sanctions. NYRA has appealed.

There should be an affirmance. The law favors resolution of cases on the merits. Courts are generally liberal in opening defaults *(Bishop v Galasso,* 67 AD2d 753). Where the defaulting party establishes a meritorious claim and the default is not intentional or willful, the default may be excused *(see, Elgart v Raleigh Hotel Corp.,* 115 AD2d 165; *Montalvo v Nel Taxi Corp.,* 114 AD2d 494, 495, *lv denied in part and appeal dismissed in part* 68 NY2d 643). The record discloses that ByComp and the Byases have a meritorious cause of action. The default occurred due to counsel's failure to comply because he was preparing for another complex trial, his clients were away hampering his ability to comply with the discovery order, and counsel has a small practice and was unable to cope with the backlog of work. In sum, the default amounted

to law office failure. Supreme Court is statutorily empowered to excuse delay or default *(see,* CPLR 2004, 2005) even though it was awarded pursuant to an agreement *(see, Knapek v MV Southwest Cape,* 110 AD2d 928). We therefore conclude that Supreme Court did not abuse its discretion when it conditionally vacated the default judgments and imposed a sanction against the parties and their counsel.

Order affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.