**Morris J. PEAVEY, Jr., Plaintiff,**

v.

**POLYTECHNIC INSTITUTE OF NEW YORK, the New York State Division of Human Rights, and the Equal Employment Opportunity Commission, Defendants.**

No. CV–90–1174.

United States District Court, E.D. New York.

Dec. 12, 1990.

Morris J. Peavey, Jr., pro se.

Eugene G. Reynolds, of counsel to Cullen & Dykman, Brooklyn, N.Y., Grace C. Karmiol, E.E.O.C., Office of Legal Counsel, Washington, D.C., for defendants.

MEMORANDUM AND ORDER

GLASSER, District Judge:

Plaintiff brought this suit *pro se* under Title VII, Civil Rights Act of 1964, 42

---

U.S.C. § 2000e, against his former employer, Polytechnic Institute of New York ("Polytechnic"), the Equal Employment Opportunity Commission ("EEOC"), and the New York State Division of Human Rights ("DOHR") for religious discrimination.[1] Plaintiff and defendant Polytechnic cross move for summary judgment.

The alleged discriminatory conduct occurred between June and September 1982. Plaintiff alleges that he is an orthodox Moslem and that he is prohibited by his religion from trimming his beard. He alleges that prior to being hired by defendant, defendant told him he was required to trim his beard as a condition of employment, and that he did so and was hired. He also alleges that because of religious discrimination he was treated differently from other employees and wrongfully discharged three months after he began his employment with defendant.

On December 13, 1982, plaintiff filed a complaint with the Equal Employment Opportunity Commission. Pursuant to 42 U.S.C. § 2000e–5(d), the EEOC deferred the complaint to the New York State Division of Human Rights to provide that agency an opportunity to resolve the dispute in a state forum. On April 8, 1987, the DOHR decided that plaintiff was entitled to $7,500 as compensation for the discrimination he suffered when he was required to trim his beard, but that the evidence did not support a finding that his treatment while employed and his discharge were based on religious discrimination. The notice of final order carried a warning that "a complainant who seeks state judicial review, and who receives an adverse decision therein, may lose his or her right to proceed subsequently in Federal Court under Title VII, by virtue of *Kremer v. Chemical Constr. Co.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982)."

On August 14, 1987, plaintiff filed for judicial review of the DOHR administrative decision in the Supreme Court of New York, County of New York. On December

24, 1987, venue was changed by stipulation to the County of Kings, and the appeal was transferred to the Supreme Court, Appellate Division, Second Department. On December 5, 1990, the clerk of the Appellate Division, Second Department, entered an order dismissing the appeal for want of timely prosecution.

In its motion for summary judgment, defendant contends that this dismissal bars relitigation of plaintiff's claims in this court.

■ Although the prior adjudication of this Title VII claim by the DOHR alone does not bar its being brought and heard *de novo* in this court, *University of Tennessee v. Elliott*, 478 U.S. 788, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986), the prior judicial decision dismissing the appeal of that administrative ruling does bar such litigation here. In *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), the Supreme Court held that Title VII, while it does permit *de novo* review of Title VII claims in federal court notwithstanding a prior administrative ruling on those claims, does not permit such *de novo* litigation when that administrative determination has been reviewed by a state court. Rather, the Court held, the requirement of 28 U.S.C. § 1738 that federal courts must give the same preclusive effect to a state court judgment that the state courts themselves would give it applied in such cases. Therefore, a federal court must give "preclusive effect to a decision of a state court upholding a state administrative agency's rejection of an employment discrimination claim as meritless when the state court's decision would be res judicata in the State's own courts." *Id.* at 463, 102 S.Ct. at 1888.

The Appellate Division's December 5, 1990 dismissal would bar further litigation of the same claim in New York. The New York Court of Appeals has held that the dismissal of an "appeal taken as of right for lack of prosecution was a determination on the merits of all claims which could have

---

1. This case was dismissed as to the Equal Employment Opportunity Commission by order of this court on October 19, 1990.

been litigated had that appeal been timely argued or submitted." *In re Crescenzi*, 64 N.Y.2d 774, 774, 485 N.Y.S.2d 986, 987, 475 N.E.2d 453, 454 (1985). *See also Bray v. Cox*, 38 N.Y.2d 350, 353, 379 N.Y.S.2d 803, 805, 342 N.E.2d 575, 576 (1976) ("[T]he rule to be followed is that a prior dismissal for want of prosecution acts as a bar to a subsequent appeal as to all questions that were presented on the earlier appeal."); *Montalvo v. Nel Taxi Corp.*, 114 A.D.2d 494, 494 N.Y.S.2d 406, 407–08 (2d Dep't 1985), *app. denied in part, dismissed in part*, 68 N.Y.2d 643, 505 N.Y.S.2d 73, 496 N.E.2d 232 (1986) ("Where a party appeals from an intermediate order, thereafter abandons the appeal by failing to perfect, and the appeal is then dismissed by the appellate court, the party is estopped for reasons of judicial economy from seeking review of issues which could have been raised on the appeal from the intermediate order."); *Commissioner of Social Services v. Crowden*, 166 A.D.2d 888, 560 N.Y.S.2d 548 (4th Dep't 1990); *Marcello v. Marcello*, 92 A.D.2d 687, 460 N.Y.S.2d 189, 190 (3d Dep't), *lv. dismissed*, 59 N.Y.2d 602, 463 N.Y.S.2d 1026, 450 N.E.2d 250 (1983).

The fact that plaintiff's complaint was dismissed for failure to prosecute, rather than after a hearing on the merits, does not negate the binding effect of *Kremer* on this motion. That possibility has been foreclosed by subsequent decisions. In *Bray v. New York Life Ins.*, 851 F.2d 60 (2d Cir. 1988), plaintiff sought judicial review of a DOHR decision in the New York Supreme Court, but her appeal was dismissed by that court "for failure to commence this proceeding within sixty days as required by section 298 of the Executive Law." *Id.* at 60. Plaintiff was one day late in filing her petition. The Second Circuit held that the dispositive factor in assigning preclusive effect to the state dismissal was not whether or not the merits had been reached, but what effect New York would give the judgment:

> The fact that she received, not a review of the factual findings underlying her claim, but a dismissal for failure to satisfy the time requirements for filing a petition for review, does not render

§ 1738 and the doctrine of *res judicata* inapplicable to either her Title VII or her § 1981 claims. When a plaintiff has sought state judicial review of an agency decision, *Kremer* requires that we look to the preclusive effect that New York would give to the judgment of its court. *Id.* at 63. Because in New York a dismissal for failure to prosecute precludes further litigation of the same claims in state court, plaintiff in this case is precluded from relitigating his religious discrimination claim in federal court. While this result may seem harsh, this court has carefully reviewed the state law and finds no adequate basis for distinguishing this case from those cases cited applying settled New York law. "Once a plaintiff has entered the state court system, she is bound by the preclusion rules governing that system, and the federal courts in turn must respect the finality of the judgments that issue from the state court." *Id.* at 64.

Lastly, there is the issue of whether or not plaintiff's complaint to the New York court included the same issues as that raised here. New York employs a transactional test for the application of the doctrine of *res judicata*, according to which "a claim will be barred by a determination in an earlier action if both causes of action are grounded on the same gravamen or are part of the same 'factual grouping,' even if the later claim is brought under a different theory of recovery." *Kirkland v. City of Peekskill*, 828 F.2d 104, 110 (2d Cir.1987), *citing Smith v. Russell Sage College*, 54 N.Y.2d 185, 192–193, 445 N.Y.S.2d 68, 71, 429 N.E.2d 746, 749 (1981). There is no dispute in this case that plaintiff's claims in this action are based on precisely the same "factual grouping" upon which were based the DOHR claims.

Since this claim is now barred in the New York courts, plaintiff is precluded from seeking this court's consideration of his claims, and defendant's motion for summary judgment is, therefore, granted.

SO ORDERED.