■ GERALDINE M. RUSH et al., Appellants, v CONWAY STORES, INC., Respondent.—Order, Supreme Court, New York County (Francis N. Pecora, J.), entered on or about March 13, 1991, which granted the defendant's motion to vacate a default judgment, unanimously affirmed, without costs.

The plaintiff Geraldine M. Rush instituted this action for personal injuries purportedly sustained as a result of her false arrest at the defendant store. After a security guard found a lipstick which had not been paid for in the plaintiff's bag during a routine check, the plaintiff was detained and questioned. Another employee of the store subsequently informed the guard that the plaintiff had been given the lipstick as part of a promotion.

In its motion to vacate a default judgment entered against it on August 2, 1990, the defendant alleged that after receiving

the summons and complaint on February 20, 1990, its counsel sent the papers, along with a transmittal letter, to the store's insurance broker. This company then forwarded the summons and complaint to Starr Associates, the managing general agents for the defendant's insurance company.

Starr Associates claimed that they never received the information and only learned of the lawsuit on September 19, 1990, after the insurance broker sent it another copy of the summons and complaint, together with the plaintiff's motion for a default judgment and the order granting the motion. On September 20, 1990, Starr Associates sent the papers to the American International Adjustment Company which forwarded the information to counsel for the defendant on October 2, 1990.

In support of its motion to vacate the default judgment, the defendant alleged that the delay in interposing an answer was excusable and that it had a meritorious defense to the action. In a signed statement, the security guard alleged that he detained and questioned the plaintiff after a routine check revealed that she had not paid for the lipstick found in her bag. He further maintained that he was not abusive toward her.

It was not an improvident exercise of discretion for the Supreme Court to have granted the defendant's motion to vacate the default judgment in light of the security guard's allegation of an honest mistake and the affidavits detailing the reasons for the delay in answering (see, Fidelity & Deposit Co. v Andersen & Co., 60 NY2d 693). Moreover, the defendant's challenge to the sufficiency of the motion papers submitted to obtain the default judgment was not raised below and is, in any event, academic, in view of the disposition herein. Concur —Rosenberger, J. P., Ellerin, Smith and Rubin, JJ.