■ ISABELLE O. TAYAR, Respondent, v MAJED E. TAYAR, Appellant. [618 NYS2d 219] —In an action for a divorce and ancillary relief, the defendant appeals, (1) as limited by his brief, from so much of an order of the Supreme Court, Kings County (Rigler, J.), dated January 7, 1992, as, upon a motion, *inter alia,* to vacate a prior order of the same court, dated April 18, 1991, which, *inter alia,* awarded the plaintiff counsel fees and appraisal fees, adhered to the original determination, (2) from a judgment of the same court, dated April 2, 1992, entered upon the order dated January 7, 1992, and (3) as limited by his brief, from so much of an order of the same court, also dated April 2, 1992, as, upon the motion to vacate the prior order dated April 18, 1991, failed to remove notices of pendency on several parcels of real property in the defendant's name, restrained the defendant from selling or transferring any personal assets without first obtaining the permission of the court, and ordered the defendant to stay away from the marital home, except for family functions.

Ordered that the appeals are dismissed, with one bill of costs to the plaintiff.

The issues raised by the defendant on these appeals all concern a prior order of the Supreme Court, dated April 18, 1991, the appeal from which was dismissed by this Court for failure to timely perfect the same. Since the same issues raised on these appeals could have been raised on the prior appeal, in the interests of judicial economy the defendant is prohibited from seeking review of these issues on these later appeals *(see, Bray v Cox,* 38 NY2d 350, 355; *Montalvo v Nel Taxi Corp.,* 114 AD2d 494).

We strongly caution the defendant and his attorney that further frivolous appeals to this Court may lead to sanctions *(see,* 22 NYCRR 130-1.1). Mangano, P. J., Thompson, O'Brien and Ritter, JJ., concur.