■ GARY KINNEY et al., Respondents, v GRIFFIN MANAGEMENT Co., INC., Defendant and Third-Party Plaintiff-Appellant, et al. Defendants. APL RECREATION, INC., et al., Third-Party

Defendants-Respondents. [649 NYS2d 807] —In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff Griffin Management Co., Inc. appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Vinik, J.), dated November 8, 1995, as granted the cross motion of the third-party defendant APL Recreation, Inc., *inter alia,* to vacate an order of the same court dated September 21, 1994, which granted the motion of the defendant third-party plaintiff Griffin Management Co., Inc. for leave to enter a default judgment against, among others, the third-party defendant APL Recreation, Inc.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is denied, and the order dated September 21, 1994, is reinstated.

The Supreme Court erred in granting the cross motion by the third-party defendant APL Recreation, Inc. (hereinafter APL), *inter alia,* to vacate the order dated September 21, 1994, which granted the motion of the defendant third-party plaintiff Griffin Management Co., Inc. (hereinafter Griffin) for leave to enter a default judgment against it, since APL failed to demonstrate a meritorious defense to the third-party action, or to proffer a reasonable excuse for its failure to respond to the summons and third-party complaint, to any of the third-party plaintiff's subsequent letters, or to other notices served upon it before the default judgment was entered (*see,* CPLR 5015 [a] [1]; *Fidelity & Deposit Co. v Andersen & Co.,* 60 NY2d 693, 695). Rosenblatt, J. P., Thompson, Santucci and Altman, JJ., concur.